**In re Robert Riley ROLLINS, Debtor.**

**Bankruptcy No. 1–85–00487.**

United States Bankruptcy Court,
E.D. Tennessee.

April 24, 1986.

Geary P. Dillon, Jr., Whitwell, Tenn., for debtor.

Harold L. North, Jr., of Ray & North, Chattanooga, Tenn., for trustee in Bankruptcy.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

In his schedule of exemptions, the debtor claimed as exempt $2,000 of insurance proceeds held by a creditor, Marion Bank & Trust Company. The bankruptcy trustee did not object to this claim of exemption within 30 days after conclusion of the meeting of creditors as required by Bankruptcy Rule 4003(b). However, after the trustee recovered $3,000 from the Bank, he objected to allowing the debtor any exemption from the money.

The facts are as follows.

The debtor gave the Bank a mortgage on a house and lot to secure a debt. The mortgage doubtlessly required the debtor to insure the property for the Bank's benefit. The debtor insured the house for a maximum of $20,000. The house was destroyed by fire. The insurance company paid the entire $20,000 to the Bank, even though the specific debt secured by the mortgage was only about $14,000. The Bank did not return the additional $6,000 to the debtor or subsequently turn it over to the trustee, because the mortgage included an "other debts" clause. Under the "other debts" clause, the mortgage secured not only the specific debt for $14,000 but all the debtor's other debts to the Bank. These totaled more than $6,000.

The trustee sued the Bank to recover the insurance money in excess of $14,200 on the ground that the additional $5,800 was a preferential payment. The trustee argued that the mortgage was perfected only for a total of $14,200 because the Bank paid the recording tax only on that amount. Thus, according to the trustee, the additional $5,800 was paid on an antecedent *unsecured* debt within 90 days before the debtor's bankruptcy and was recoverable as a preference under Bankruptcy Code § 547. 11 U.S.C. § 547.

The trustee later filed a motion to approve a compromise in which the Bank would pay him $3,000. In his motion, the trustee stated that the Bank's mortgage lien was perfected for $16,200, because the

first $2,000 of debt is not subject to the tax. Since this would leave a possible recovery of $3,800, the trustee asked to settle the lawsuit for $3,000 and thereby avoid additional litigation expenses. The court approved the settlement.

The trustee now contends that Bankruptcy Code § 522(g) prohibits the debtor from exempting any of the $3,000 recovered from the Bank. It provides:

(g) Notwithstanding sections 550 and 551 ... the debtor may exempt ... property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 ... to the extent that the debtor could have exempted such property ... if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor....

11 U.S.C. § 522(g)(1)(A).

This provision applies to property recovered under the preference statute since § 550 includes the recovery of a preferential transfer. 11 U.S.C. §§ 547 & 550.

The first question under § 522(g)(1)(A) is whether the insurance money was voluntarily transferred from the debtor to the Bank.

■ When the debtor voluntarily grants a security interest and is required to insure the collateral for the secured creditor's benefit, payment of the insurance money to the creditor is a voluntary transfer from the debtor to the creditor. The requirement that the debtor obtain the insurance does not prevent the transfer from being voluntary; the insurance requirement naturally arises from the voluntary grant of the security interest.

■ The debtor could argue that the insurance proceeds were not voluntarily transferred to the extent of the $6,000 above the specific debt secured by the mortgage. However, the debtor voluntarily executed the mortgage with the "other debts" clause, and thereby voluntarily transferred the $6,000 as collateral for his other debts.

■ Section 522(g)(1)(A) codified what has been known in this court as "the Weekley rule". When the debtor voluntarily grants a security interest in his property, he gives up or renders ineffective his right to exempt the property up to the amount of the secured debt. Tenn.Code Ann. § 26–2–102; *In re Farris*, 8 B.R. 186 (Bankr.E.D. Tenn.1981). The debtor cannot undo this encumbrance of his exemption simply because a third party, the bankruptcy trustee, has acquired rights superior to the creditor's rights.

The result is the same if the debtor makes an absolute transfer of his property rights. The trustee can avoid a voluntary transfer and recover the property or its value for the benefit of the debtor's unsecured creditors, not for the debtor's benefit in exempting the property.

■ Section 522(g)(1)(A) is meant to prevent the debtor from exempting property that is available to exempt only because the trustee has recovered it in spite of the debtor's having voluntarily transferred it away. Between the debtor and the Bank, the Bank had the superior right to the $6,000 as collateral for the debtor's other debts to the Bank. The debtor voluntarily gave the Bank the superior right to the $6,000, and it became available to exempt only when the trustee recovered $3,000. This appears to be exactly the kind of situation in which § 522(g)(1)(A) is meant to deny the debtor an exemption.

However, § 522(g)(1)(A) apparently was not intended to prevent the debtor from exempting equity in mortgaged property that he could have exempted even if the bankruptcy trustee had not avoided the security interest. For example, suppose the debtor has $500 equity in a car securing a $1,500 debt. The debtor can exempt the $500 equity in a bankruptcy case. 11 U.S.C. § 522(b); Tenn.Code Ann. §§ 26–2–112 & 26–2–102. Suppose the trustee avoids the security interest. This should produce about $1,500 for the bankruptcy estate that would not otherwise have been available and which the debtor cannot exempt. But the debtor should still be able to exempt the $500 equity if the car turns out to be worth $500 more than the secured debt.

■ The proof does not show whether the Bank was oversecured on its other debts, when the $6,000 was added to its other collateral. If so, the debtor might have had $2,000 equity that he could exempt. This assumes that the $6,000 would be treated as personal property subject to the general exemption, rather than as the real property it replaced and which apparently was not subject to the homestead exemption. In the interest of justice, the court will allow the parties to submit additional evidence and argument on the issue. The parties should first address the question of whether the other collateral plus the $6,000, was worth more than the other secured debts. If it was not, the debtor has no equity in which the exemption can be allowed.

The court can immediately dispose of the debtor's other technical arguments.

■ It does not make a difference that the debtor paid for the insurance. That only proves that the insurance was voluntarily given to the Bank as part of the mortgage transaction.

■ It does not make a difference that the trustee learned of the insurance money from the debtor's bankruptcy schedules. The debtor had a duty to reveal the payment to the Bank. 11 U.S.C. § 521(1); Bankruptcy Rule 1008. One purpose of the schedules is to reveal transfers that the trustee may avoid. If the debtor had failed to reveal the transfer, the court might have denied his discharge. 11 U.S.C. § 727(a)(4)(A).

■ Finally, the trustee's failure to object within the time allowed by Rule 4003(b) does not mean the debtor is entitled to the exemption. There was no need for the trustee to dispute the claim of exemption until he recovered the $3,000. Furthermore, the debtor cannot make property exempt simply by claiming it as exempt when there is no apparent legal basis for

the exemption. In that situation, the trustee's failure to object to the claim of exemption within the time limit of Rule 4003(b) does not create an exemption. *In re Dembs,* 757 F.2d 777, 13 Bankr.Ct.Dec. 592, 12 Coll.Bankr.Cas.2d 591 (6th Cir.1985); *In re Grosslight,* 757 F.2d 773, 12 Coll.Bankr. Cas.2d 525 (6th Cir.1985); *In re Bennett,* 36 B.R. 893 (Bankr.W.D.Ky.1984).

Thus, the debtor is not entitled to any exemption from the $3,000 recovered by the trustee unless it is equity above the value of the other debts to the Bank which it secured and it is subject to the general personal property exemption of Tenn.Code Ann. § 26–2–102. The court will enter an order allowing the parties to brief these issues as directed earlier.