**In re Robert Riley ROLLINS, Debtor.**

**Bankruptcy No. 1–85–00487.**

United States Bankruptcy Court,
E.D. Tennessee.

May 20, 1986.

---

**ORDER**

RALPH H. KELLEY, Bankruptcy Judge.

The court previously held, 63 B.R. 780, that the debtor could not use Bankruptcy

Code § 522(h) to avoid the lien of Marion Trust & Banking Company on $6,000 insurance proceeds. 11 U.S.C. § 522(h). Without avoiding the lien, the debtor could exempt the insurance proceeds only to the extent they were equity over and above the debts secured. The court left open the question of whether the remaining collateral, including the $6,000, was worth more than the other debts to the bank so that part of the $6,000 could be treated as equity.

 As the court explained in its earlier opinion, the $6,000 is not equity simply because it was in excess of the particular debt secured by the destroyed property. The $6,000 also secured the debtor's other debts to the Bank. In this situation, it could be equity only if the remaining debts totaled less than the value of the remaining collateral, which would include the $6,000. The trustee's post-trial brief included an affidavit of a bank officer, which convincingly shows that the remaining collateral, including the $6,000, was worth less than the debts owed to the Bank when the debtor filed his bankruptcy petition. Thus, none of the $6,000 was equity that could be exempted without avoiding the Bank's lien.

Accordingly, the court concludes that the debtor was not entitled to exempt any of the $6,000, and the $3,000 recovered from the Bank by the trustee shall remain property of the bankruptcy estate free of any claim of exemption by the debtor.

It is so ordered.