**In re David Clayton HAWN, Debtor.**

**Bankruptcy No. 3–85–01799.**

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 28, 1987.

Douglas Q. Wickham, Raleigh, N.C., Trustee, pro se.

John M. Norris, Knoxville, Tenn., for debtor.

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtor filed his voluntary petition under Chapter 7 of Title 11 of the United States Code on October 24, 1985. At Schedule B–4 to his petition, the debtor claimed his exemptions under Tennessee law, including a homestead exemption in the amount of $4,500.00 in three lots in Anderson County, Tennessee, in the Ben Hill Subdivision. The § 341(a) meeting of creditors was held on December 2, 1985, at which time the debtor was examined by the trustee. On April 10, 1986, the trustee filed an objection to the homestead exemption claimed by the debtor, asserting the debtor did not maintain his home on the real property in which he claimed his exemption.[1]

The debtor filed a response to the trustee's objection contending the objection was

---

1. Tenn.Code Ann. § 26–2–301(a) (1980) provides:

    An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500)....

not timely filed.[2] The trustee filed a reply brief stating: "The entire testimony of the debtor concerning this property is given on page 8 of the § 341 transcript. His Rule 2004 examination was clearly more searching. Your trustee does not believe that the debtor intentionally mislead [sic] him at the § 341 hearing."[3] The trustee does not assert any fraud or misrepresentation by the debtor.

Fed.R.Bankr. 4003(b) provides in part: "The trustee or any creditor may file objections to the list of property claimed as exempt *within 30 days after the conclusion of the meeting* of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court." (Emphasis added.) Further, the order for meeting of creditors forwarded to the trustee, the debtor, and all parties in interest on October 30, 1985, indirectly refers to Rule 4003(b) as it provides: "Unless the court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 30 days after the conclusion of the meeting of creditors."

Fed.R.Bankr. 9006(b)(1) provides:

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules ... the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The trustee had thirty (30) days from December 2, 1985, within which to object to the exemptions claimed by the debtor. No objection was filed nor did the trustee or any creditor request an extension of time for filing objections to the debtor's claim of exemptions.

The issue raised by the trustee is one of fact, i.e., whether the real estate claimed exempt by the debtor was used "by him, his spouse, or a dependent, as a principal place of residence." At the time his bankruptcy case was filed, Tenn.Code Ann. § 26–2–301(a) (1980) provided the debtor a statutory basis for the claim of his homestead exemption. (See *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984), which holds that property claimed as exempt does not automatically become exempt; there must be a statutory basis for exemption.)

Rule 4003(b) requires the filing of any objection within thirty (30) days after the conclusion of the § 341(a) meeting. There is no evidence that the debtor fraudulently or negligently concealed any facts from the trustee or any creditors. As has been noted, the trustee acknowledges he does not believe that the debtor intended to mislead him at the § 341(a) meeting. The transcript of the § 341(a) meeting reflects that the debtor responded frankly to all questions propounded by the trustee. The debtor stated he had put a camper trailer, purchased for $1,800.00, on his property. He also explained that his lawsuit against Anderson County, disclosed in his Statement of Financial Affairs, was commenced because he could not obtain a building permit for his property.

Under the facts of this case, to permit the trustee to object to the debtor's claim of exemptions four months after the § 341(a) meeting would be in derogation of Rule 4003(b), which is clear and unequivocal in its terms. *In re Keyworth*, 47 B.R. 966, 970 (D.Colo.1985), and *Matter of Gullickson*, 39 B.R. 922 (Bankr.W.D.Wis.1984). See also *Munoz v. Dembs*, 757 F.2d 777,

---

**2.** Alternatively, the debtor requests the court to allow him to submit additional proof concerning the use of his Anderson County real estate as his "principal place of residence."

**3.** The trustee asserts that the debtor's use of the property as testified to at an examination conducted on March 20, 1986, under Fed.R.Bankr. 2004, differs from his testimony at the December 2, 1985, § 341(a) meeting of creditors.

780 (6th Cir.1985) ("[t]he clear import of the new rule [Fed.R.Bankr. 4003] and of section 522(1) is that objections to claimed exemptions must be made within thirty days after the creditors' meeting or any amendment, or they are waived.").

For the reasons stated herein, the trustee's objection to the debtor's homestead exemption will be denied.