**In re Stephen GROSSMAN, Debtor.**

**Leo F. DOYLE, Interim Trustee, Plaintiff,**

v.

**Stephen GROSSMAN, Debtor,**

**and**

**Grossman & Associates, Defendants.**

**Bankruptcy No. 84–00877G.**

**Adv. No. 85–1006G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 4, 1987.

Leo F. Doyle, Philadelphia, Pa., trustee/plaintiff.

Edward J. DiDonato, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for plaintiff, Leo F. Doyle, trustee.

Carl Weiss, Norristown, Pa., for defendants, Stephen Grossman and Grossman & Associates, P.C.

OPINION

BRUCE I. FOX, Bankruptcy Judge:

In this adversary proceeding, the trustee, Leo F. Doyle, has filed a motion for partial summary judgment with respect to count 3 of a complaint filed by him against the debtor on November 12, 1985. Count 3 requests a turnover order pursuant to section 542 of the Bankruptcy Code. Two items are concerned: a lithographic plate valued at $95,000.00 and several Individual Retirement Accounts (IRA's) valued at $26,000.00. The debtor has objected to the request for turnover, asserting first, that the lithographic plate is encumbered by a security interest leaving the debtor with no equity in the property, and that the plate is not now and never has been in the debtor's possession;[1] and second, that the IRA is

---

1. In his answer, defendant alleges that a security interest equal in amount to the market value of the plate (i.e., $95,000.00) was granted to the Summit Media Corporation in November 1978. Defendant alleges therefore that he has no equity in this property and that the plaintiff/trustee has been aware of this fact throughout these proceedings, as well as the fact that the defend-

ant did not claim an exemption for the plate in his original or amended schedule of exemptions. The debtor also alleges that he does not now have, nor did he ever have, possession of the plate. The trustee has conducted an investigation to determine the whereabouts of the plate, which has supported the debtor's position. Given these circumstances, I view the trustee's

exempt property under section 522(d)(10)(E) of the Bankruptcy Code, and was claimed as such on the debtor's schedule of exemptions. Further, the debtor asserts that the trustee failed to challenge the exemption within the time established by the Bankruptcy Rules, so he cannot now compel turnover of the property.

For the reasons set forth below, I have concluded that the trustee's request is precluded by his failure to timely object to debtor's exemption claim and therefore must be denied. This conclusion obviates the need to reach the issue of whether an IRA account is exemptible under § 522(d)(10)(E).[2]

## I.

Stephen Grossman filed a voluntary petition in bankruptcy under chapter 7 of the Bankruptcy Code on March 16, 1984. An interim trustee was appointed on March 19, 1984, and has served as permanent trustee since June 20, 1984. *See* 11 U.S.C. § 702. In his statement of affairs and schedules, the debtor claimed as exempt, pursuant to 11 U.S.C. § 522(d)(10)(E), three IRA's with a combined market value of $25,688.86. Amended schedules were filed on June 11, 1984, which maintained the same exemption for the IRA's. A meeting of creditors was concluded on October 11, 1984, in accordance with Bankr.R. 2003(a). At no time between the date of that meeting and the filing of the complaint herein, November 12, 1985, did the trustee formally object to the debtor's claimed exemptions or take any other action which might have been construed as an objection.

## II.

My decision to deny the trustee the relief he seeks rests upon a strict interpretation of the time constraints which the Bankruptcy Rules place upon creditors' and/or trustees' objections to debtors' claims of exemption. The rules require parties in interest to make objections, or to request extensions of time to make objections, within thirty days from the conclusion of the § 341 meeting of creditors. No such objections or requests for extension were made in this case within that period. The trustee's request for turnover came more than one year after the meeting of creditors was concluded. If this turnover request were to be granted, it would, of course, have the effect of reversing the debtor's claim of exemption, upon which he was entitled to have relied after the running of the thirty day objection period. Requiring a turnover at this point would be tantamount to allowing an untimely objection. The clear language of the statute and procedural rules compels that the debtor prevail in the matter at bench.

11 U.S.C. § 522(*l*) provides:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

The time deadline for a party in interest's objection is supplied by Bankruptcy Rule 4003(b)[3] which provides:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and

---

turnover proceeding as involving only the IRA accounts.

**2.** I note, however, that the Third Circuit has held that a right to future payments under a debtor's Keough plan is not exemptible. *In re Clark*, 711 F.2d 21 (3d Cir.1983). I do not pass on whether the *Clark* rationale is equally applicable to IRA's. *See generally* Dunham, "Pen-

sions and Other Funds in Individual Bankruptcy Cases", 4 *Bankr.Dev.J.*, 293, 354–389 (1987).

**3.** The procedural rules establish time deadlines for the exercise of many statutory rights. *See e.g.,* Rule 3002(c) (implementing 11 U.S.C. § 501); Rule 9027(a)(2), (3) (implementing 28 U.S.C. § 1452).

to the person filing the list and the attorney for such person.

Section 522(*l*) thus places the responsibility for challenging the exemptions claimed by debtors upon parties in interest, and Rule 4003 limits the time during which that responsibility may be carried out.[4] In the case at bench, no party in interest objected to the debtor's exemptions (or requested an extension of time to object), within the 30 day time period provided by the rule.[5] In light of section 522(*l*) and Rule 4003, numerous courts have held that failure to timely object results in allowance of the exemptions as declared. *In re Keyworth*, 47 B.R. 966 (D.Colo.1985); *In re Hawn*, 69 B.R. 567 (Bankr.E.D.Tenn.1987); *In re Hahn*, 60 B.R. 69 (Bankr.D.Minn.1986); *In re Kretzer*, 48 B.R. 585 (Bankr.D.Nev. 1985); *Matter of Thomas*, 43 B.R. 201 (Bankr.M.D.Ga.1984); *Matter of Wiesner*, 39 B.R. 963 (Bankr.W.D.Wis.1984); *Matter of Gullickson*, 39 B.R. 922 (Bankr.W.D. Wis.1984). *Accord*, King, *Collier on Bankruptcy* ¶ 4003.04[3] at 4003–10 (15th ed. 1987) ("Collier"). *See also, In re Brandstaetter*, 767 F.2d 324 (7th Cir.1985); *In re Dembs*, 757 F.2d 777, 780 (6th Cir. 1985).

Some courts have expressed concern that absolute enforcement of a time deadline for objections permits what amounts to "exemption by declaration", if no party objects. *In re Bennett*, 36 B.R. 893 (Bankr. W.D.Ky.1984). *See also, Matter of Dembs*, 757 F.2d 777 (6th Cir.1985) (stating in dicta that "there must be a good faith statutory basis for exemption"); *In re Rollins*, 63 B.R. 780 (Bankr.E.D.Tenn.1986) (trustee's failure to timely object to an exemption to which debtor was not entitled excused because the trustee had not yet recovered the property in which the exemption was claimed); *In re Hackett*, 13 B.R. 755 (Bankr.E.D.Pa.1981) *reh. den.* 23 B.R. 710 (1982) (dicta). These courts express concern about the potential injustice to creditors of allowing debtors to claim exemptions to which they are not entitled.

Section 522(*l*) and Rule 4003, however, clearly place the burden on the creditor of taking timely affirmative action. Additionally, since the trustee is permitted to object to exemption claims, presides over the meeting of creditors, (L.B.R. 2003.1(b)), where exemption claims should be reviewed, and has a fiduciary obligation to protect the interests of creditors, *see, In re Rigden*, 795 F.2d 727 (9th Cir.1986); *In re Neshaminy Office Building Associates*, 62 B.R. 798 (E.D.Pa.1986), in most instances outlandish exemption claims will be discovered. Moreover, I note that Bankruptcy Rule 9011, which is analagous to Fed.R. Civ.P. 11, forbids bad faith exemption claims and provides sanctions for violation of the prohibition. For these reasons, I do not believe that strict enforcement of the time requirement in Rule 4003 will result in debtors frequently making bad faith exemption claims seeking "exemption by declaration".[6]

Those courts that permit untimely objections to exemptions disregard the provi-

---

**4.** This constitutes a change from prior law. Under former Bankruptcy Rule 403, the trustee was required to file a report which separated allowable exemption claims from those not allowable. The burden was then on the debtor and the creditors to object to the report within 15 days. Failure to object resulted in allowance of the exemptions as reported by the trustee.

**5.** Neither did they take any action which could be construed as an objection. At least three courts have allowed late objections where a party in interest takes some action within the thirty day period for filing objections which put the debtor on notice that his or her exemption claim is disputed. *In re Grosslight*, 757 F.2d 773 (6th Cir.1985); *In re Starns*, 52 B.R. 405 (S.D. Tex.1985); *In re Earnest*, 42 B.R. 395 (Bankr.D. Ore.1984). *See also, In re Ungar*, 70 B.R. 519 (Bankr.E.D.Pa.1987) (objection to confirmation may constitute informal timely proof of claim).

**6.** Additionally, the debtor's position that his IRA's are exempt pursuant to 11 U.S.C. § 522(d)(10)(E) may have arguable basis in existing law. The Third Circuit's decision in *Clark* may be seen as limited to "Keough" plans. Although it would appear that IRA's should be treated the same as Keough plans under section 522(d)(10)(E), there is some support in this district for the proposition that section 522(d)(10)(E) permits a debtor to exempt IRA's. *See In re Boderman*, 23 C.B.C. 302 (Bankr.E.D. Pa.1980). *See also, In re Fisher*, 63 B.R. 649 (Bankr.W.D.Ky.1986). Thus, the debtor here might well prevail even under the standard set forth in the *Dembs* dicta.

sions of Bankr.R. 9006(b). Rule 9006(b) deals with the bankruptcy courts' authority to enlarge the time periods specified in other rules. Rule 9006(b)(1) generally provides a court with the power to enlarge time periods upon (1) a request made prior to the expiration of the period, or, (2) a motion made after the expiration of the period upon a finding of excusable neglect.[7] However, subsection (b)(3) operates as an exception to subsection (b)(1). It enumerates rules as to which the courts may enlarge the time periods "only to the extent and under the conditions stated in those rules." B.R. 9006(b)(3)[8]. Rule 4003(b) is included within the scope of 9006(b)(3). The Advisory Committee's comment on 9006(b)(3) clearly states that any rule included in subsection (b)(3) may not be extended under the general enlargement powers granted by subsection (b)(1).[9]

The overwhelming weight of authority interpreting 9006(b)(3) adheres strictly to the limit it places on the court's ability to extend time periods under the enumerated rules. *Arevalo v. Woods*, 811 F.2d 487 (9th Cir.1987) (treating Rule 4007(c)); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) (treating Rule 4007(c)); *See also, e.g., In re Klein*, 64 B.R. 372 (Bankr.E.D.N.Y.1986) (treating Rules 4004 and 4007(c)); *In re Rea*, 57 B.R. 834 (Bankr.D.D.C.1985) (treating Rules 4004 and 4007(c)); *In re McDo-*

*well*, 57 B.R. 310 (Bankr.M.D.Pa.1986) (treating Rule 4004) and *Matter of Smithuysen*, 54 B.R. 661 (Bankr.D.N.J.1985) (treating Rule 4004). *But see, In re Dodd*, 46 B.R. 335, (Bankr.E.D.Va.1985) (granting an additional thirty days to file a claim under Rule 3002(c) to prevent inequity).

Rule 4003(b) provides for enlargement of time for objections to a debtor's exemptions only if a request is made within the thirty day period allowed in the rule.[10] In this case no such request was made. Consequently, Rule 9006(b)(3) precludes me from allowing what would amount to a late objection more than one year after the running of the deadline for objecting to exemptions.

The procedural rules thus mandate a conclusion which makes eminently good sense given the framework which the code establishes for administering assets of the estate. Property exempted from the estate revests in the debtor. *In re Kretzer*, 48 B.R. 585 (Bankr.D.Nev.1985); *In re Cruseturner*, 8 B.R. 581 (Bankr.D.Utah 1981). A debtor may thereafter use exempt property as (s)he sees fit.

In the matter at bench, the debtor had the right to liquidate his IRA once it became exempt property pursuant to section 522(*l*) and Rule 4003(b). Had he expended the proceeds, there would be nothing to

---

7. Rule 9006(b)(1) provides:

(b) Enlargement

(1) In General. Except as provided in paragraphs (2) and (3) of the subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

8. Rule 9006(b)(3) provides:

3. Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), *4003(b)*, 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules. (emphasis added).

9. Advisory Committee notes to procedural rules are properly used as aids to interpretation of those rules. *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); J. Moore, *Federal Practice*, ¶ 1.13[2] (2d Edition 1987). *See also, In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986).

10. Pre–Code General Order 17(2) allowed late requests for extensions of time for filing objections to claimed exemptions upon a showing of excusable neglect. When prior Rule 403(c) (the predecessor to current Rule 4003(b)) was enacted, the Advisory Committee stated that "the 10–day period allowed by the General Order (17(2)) for the filing of objections to the trustee's report has been enlarged to 15 days, but the time cannot be extended under the rule after the expiration of the 15 day-period". The Advisory Committee note thus makes clear that the committee was aware that no late objections could be granted absent a request for additional time within the 15 day period for objections.

turn over to the trustee in this contested matter. Thus, the deadline for objections and the filing of exemptions where no objection is made serves the necessary purpose of establishing a date on which the rights of various parties can be fixed.[11]

## CONCLUSION

Since the plaintiff/trustee failed to voice any objection to the debtor's exemption of his IRA accounts within the statutory period, these accounts are exempt. Consequently, turnover of this property to the trustee is precluded.

Plaintiff's motion for partial summary judgment is therefore denied.[12]

An appropriate order will be entered.

---

**11.** The need for finality in a bankruptcy proceeding is reflected in the numerous time limits and deadlines imposed by the Bankruptcy Code and Rules. Exercise of my equitable powers to enlarge time limits and deadlines which are made absolute in the Code or by Rule 9006 would undermine this objective of finality. *See Hoos & Co. v. Dynamics Corp.,* 570 F.2d 433, 439 (2d Cir.1978); *In re Stern,* 70 B.R. 472 (Bankr.E. D.Pa.1987).

**12.** Had the debtor filed a cross-motion for summary judgment, I would be inclined to grant partial summary judgment in favor of the debtor at this time. There being no such motion before me, I can only deny the trustee's motion pending trial of this proceeding.