**In re Emily DAVIS, a/k/a Emily Winn, Debtor.**

**Robert J. TAYLOR, Trustee, Plaintiff,**

**v.**

**FREELAND & KRONZ, a partnership, Wendell G. Freeland, Richard F. Kronz and Emily Davis, Defendants.**

**Civ. A. No. 89–2156.**
**Bankruptcy No. 84–2291.**
**Adv. No. 88–446.**

United States District Court,
W.D. Pennsylvania.

Sept. 7, 1990.

---

Gary W. Short, appellee, Pittsburgh, Pa., for plaintiff.

Stanley E. Levine, Kenneth P. Simons, appellants, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

In this bankruptcy action, defendants appeal the decision of the bankruptcy court allowing the trustee of the bankruptcy estate of Emily Davis (the debtor) to recover certain post-petition transfers. For the reasons that follow, this Court affirms the award of the bankruptcy court.

### I. Facts

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the Code) on October 24, 1984. At the time of the filing, the debtor was pursuing a legal action against her employer, Trans World Airlines (TWA). In a complaint filed with the Pittsburgh Human Relations Commission (Commission), the debtor alleged that TWA had discriminated against her in denying her promotions on the basis of her race and sex. The Commission found in the debtor's favor on December 16, 1980, but did not award damages at that time. When TWA appealed the Commission's decision to the Court of Common Pleas of Allegheny County, Pennsylvania, the debtor retained defendant Freeland & Kronz to represent her.

The Court of Common Pleas reversed the Commission's decision on September 23, 1981. The debtor appealed the decision to the Commonwealth Court of Pennsylvania, which reversed the decision of the Court of Common Pleas and reinstated the Commission's decision. TWA was then granted an allowance of appeal by the Pennsylvania Supreme Court. The Pennsylvania Supreme Court, however, had not rendered a decision at the time that the debtor filed her petition.[1]

In her schedule of assets and liabilities, the debtor listed the proceeds of the TWA lawsuit with an unknown value on Bank-

---

1. The decision of the Commonwealth Court was affirmed on November 29, 1984. The Pennsylvania Supreme Court later granted TWA's petition for reargument. On October 1, 1986, the Court concluded that reargument had been improvidently granted and dismissed TWA's appeal.

ruptcy Schedule B–2. The debtor also claimed the proceeds of the cause of action as exempt on Schedule B–4 pursuant to 11 U.S.C. §§ 522(b) and (d), and listed its value as unknown. The debtor stated on Schedule A–2 that there were no creditors holding security. The debtor listed a total of $11,069.59 in liquidated and undisputed liabilities to unsecured creditors on Schedule A–3.

On January 4, 1985, the trustee presided over a § 341(a) meeting of creditors. The debtor and her counsel attended the meeting and indicated a possible recovery of $90,000 in the TWA lawsuit. Although the trustee advised the debtor on several occasions of his opinion that the cause of action from the TWA lawsuit was an asset of the estate, he failed to formally object to the exemption within the 30–day time period required by Bankruptcy Rule 4003(b).

On September 11, 1987, the debtor executed a settlement agreement with TWA which had a value approximating $110,000. The debtor granted TWA a release of all claims against it in consideration of $95,000 in cash, plus other valuable consideration (travel vouchers) worth approximately $15,-000. The settlement agreement provided that the consideration was to be paid as follows:

(1) $23,483.75, less applicable taxes, was to be paid to the debtor "as and for back pay and front pay";

(2) an additional $23,483.75 was to be paid to debtor "... as and for all alleged tort claims or any other claims not represented (sic) asserted wage losses"; and

(3) $63,032.50 was to be paid to debtor and Freeland & Kronz for attorney's fees and costs. Of this amount, $48,032.50 was to be paid in cash. The remaining $15,000 consisted of "miscellaneous charge orders" (i.e., travel vouchers) which could be used either by Freeland & Kronz or their designees for the purchase of air transportation from TWA.

When the trustee sent a letter to Freeland & Kronz requesting information on the status of the debtor's cause of action, Richard Kronz informed him of the settlement. On October 6, 1988, the trustee filed a complaint to avoid post-petition transfers and to recover property distributed or the value of such property. On September 7, 1989, the bankruptcy court ordered the defendants to return to the trustee $23,-483.75, plus interest. That sum represented the proceeds allocated for the settlement of tort claims.

## II. Discussion

The appellants first argue that the bankruptcy court erred as a matter of law when it allowed the trustee to recover proceeds of the debtor's TWA lawsuit which the debtor had claimed as exempt. The debtor's exemption claim was made pursuant to § 522(l) of the Bankruptcy Code, which provides:

The Debtor shall file a list of property that the Debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(l). The time limit for objecting to a claim of exemption is set forth in Bankruptcy Rule 4003(b):

The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.

Because the trustee did not file objections to the debtor's claimed exemption within 30 days as required by Bankruptcy Rule 4003(b), the appellants argue that the proceeds of the debtor's lawsuit are exempt.

The bankruptcy court recognized that there is a difference of opinion among those courts which have considered the question whether a claimed exemption that is not objected to in a timely manner by a party in interest is thereby granted in every instance:

Some courts have held that failure of any party in interest to timely object to a claimed exemption results in allowance of the objection as declared. See In re Grossman, 80 B.R. 311 (Bankr.E.D.Pa. 1987); In re Hawn, 69 B.R. 567 (Bankr.

E.D.Tenn.1987); *In re Hahn,* 60 B.R. 69 (Bankr.D.Minn.1986); *In re Kretzer,* 48 B.R. 585 (Bankr.D.Nev.1985); *Matter of Thomas,* 43 B.R. 201 (Bankr.M.D.Ga. 1984); *Matter of Wiesner,* 39 B.R. 963 (Bankr.W.D.Wis.1984); *Matter of Gullickson,* 39 B.R. 922 (Bankr.W.D.Wis. 1984).

Other courts have voiced concern that rigid enforcement of § 522(1), without further qualification, would permit what is tantamount to "exemption by declaration." They construe this subsection as implicitly containing the additional requirement that there be a statutory basis for the claimed exemption before the failure of any party in interest to timely object to it has any legal effect. *See Matter of Dembs,* 757 F.2d 777 (6th Cir. 1985); *In re Rollins,* 63 B.R. 780 (Bankr. E.D.Tenn.1986); *In re Bennett,* 36 B.R. 893 (Bankr.W.D.Ky.1984).

*In re Davis,* 105 B.R. 288, 292 (W.D.Pa. 1989).

Several factors persuaded the bankruptcy court to conclude that the latter view, as articulated in *In re Bennett,* was the better view. First, the bankruptcy court was persuaded by the explicit incorporation by reference in § 522(*l*) of § 522(b), which limits exemptions to "any property that is exempt under federal law ... or state law or local law that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b). The bankruptcy court concluded that no purpose would be served by § 522(b) if a debtor could select in any manner her exemptions. *In re Davis,* 105 B.R. at 293. Second, the bankruptcy court's decision was based upon policy considerations. The bankruptcy court concluded that the view articulated in *In re Grossman* would encourage debtors to claim all of their proper-

ty as exempt, thereby hindering the orderly administration of the debtor's estates. *Id.*

This Court is similarly persuaded that § 522(*l*) contains the additional requirement that there be a statutory basis for a claimed exemption before the failure of any person in interest to timely object to it has any legal effect. In the present case, there was no statutory basis for claiming as exempt that part of the lawsuit's proceeds which represented recovery for tort claims. Allowing the debtor to recover proceeds for which there was no statutory basis would render § 522(b) negatory. Furthermore, the orderly administration of the debtor's estate would not be advanced by allowing her to claim as exempt any value which she had simply designated "unknown." If she were allowed to do so, the burden would shift to the trustee to insure that there was a statutory basis for each claimed exemption. If, as in the instant case, the trustee failed to dispute a claimed exemption,[2] the debtor's action essentially would amount to an exemption by declaration.

■ The appellants next argue that the bankruptcy court erred as a matter of law when it included in its valuation of the debtor's cause of action attorney's fees which were incurred post-petition. The appellants argue that because they had a lien against certain of the proceeds, the estate could not recover those proceeds. In addition, the appellants contend that the bankruptcy court was clearly erroneous when it included in its valuation of the debtor's cause of action attorney's fees which were a separate element of a settlement made almost two years after the discharge, partially incurred post-petition and never claimed by the trustee. This Court, however, need not determine whether appellants had a valid lien against certain proceeds. By avoiding only $23,483.75 of the

**2.** Of the cases cited by the bankruptcy court for the proposition that failure to timely object to a claimed exemption results in allowance of the exemption as declared, only *In re Grossman,* 80 B.R. 311 (Bankr.E.D.Pa.1987), provides a rationale which incorporates more than a restatement of the express terms of § 522(1). In *Grossman,* the Court stated that "in most instances outlandish exemptions will be discovered" because the "trustee is permitted to object to

objection claims, presides over the meeting of the creditors ... where exemption claims should be reviewed, and has a fiduciary obligation to protect the interests of creditors." 80 B.R. at 313. In the present case, this safeguard did not exist. Although the trustee advised the debtor before the deadline for making an objection that the cause of action was an asset of the estate, he failed to timely object to the debtor's claimed exemption.

$71,516.25 transferred, the bankruptcy court allowed for the full amount of the attorney's lien. Therefore, the bankruptcy court did not commit reversible error in valuing the lawsuit at $110,000 without specific reference to an attorney's lien.

■ The appellants' final argument is that the bankruptcy court erred as a matter of law in holding that the doctrine of judicial estoppel prevented the appellants from asserting in the bankruptcy proceeding that a portion of the settlement, which had been allocated for tort claims in the TWA lawsuit, represented pension benefits. During the bankruptcy proceeding, "[d]efendant testified that this portion of the settlement in reality was for lost wages, but was described as being for tort claims in order to avoid payment of applicable taxes." *Davis*, 105 B.R. at 293–94. However, appellants now apparently seek to characterize the portion of the settlement differently because recovery for tort claims is not exemptable.

The general principle of judicial estoppel is that " '[a] party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same ... suit[s].' " *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir.1953). Appellants have assumed inconsistent positions with respect to the proceeds from the TWA lawsuit. Appellants now maintain that the reason for the mischaracterization of the proceeds was to avoid income tax liability. Appellants cite *City of Kingsport v. Steel & Roof Structure, Inc.*, 500 F.2d 617, 620 (6th Cir.1974), for the proposition that the doctrine of judicial estoppel does not apply to settlement agreements. In *City of Kingsport*, the Court held that because of the settlement of the plaintiff's case, the defense of the bar of statute of limitations was never decided and, therefore, no estoppel could exist. However, in the present case, the appellants assumed a position with regard to the proceeds of the TWA

lawsuit during the first suit, and the proceeds were ultimately allocated pursuant to that characterization. Appellants may not now assume a contradictory position with regard to the proceeds allocated for tort claims.[3]

For the foregoing reasons, this Court affirms the order of the bankruptcy court directing the appellants to return to the trustee $23,483.75, plus interest at the prevailing legal rate.

An appropriate Order will be issued.

---

**3.** Appellants seek to recharacterize the proceeds as being for pension benefits. Appellants argue that a "major component of the debtor's claim against TWA was for pension benefits." Having

reviewed the record on appeal, this Court finds that the settlement did not, in fact, represent pension loss.