**In re Kenneth Dale WISSMAN, Sr., Sheryl L. Wissman, Debtors.**

**PITTSBURGH NATIONAL BANK, a national banking association, Plaintiff,**

v.

**Kenneth Dale WISSMAN, Sr., Sheryl Lang Wissman, and Thomas H. Fluharty, as Trustee of the Bankruptcy Estate of Kenneth Dale Wissman, Sr., and Sheryl Lang Wissman, Defendants.**

**Bankruptcy No. 88–00714–C.**
**A.P. No. 90–1058.**

United States Bankruptcy Court,
N.D. West Virginia,
Clarksburg Division.

Dec. 7, 1990.

**740**

Michael Bray, Gary Hunt, for plaintiff.

Robert Trumble, Thomas Fluharty, for defendants.

### MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

This adversary proceeding was initiated by Pittsburgh National Bank ("PNB") by the filing of a complaint to determine the validity, priority or extent of the debtors' interest in property. The property in dispute herein is a potential cause of action held by the debtors against PNB. Essentially, the debtors seek to exempt any recovery realized from their potential suit against PNB pursuant to W.Va.Code § 38–10–4(e). This section permits a debtor to exempt his or her interest, not to exceed $400, plus any unused amount of the exemption provided under Subsection (a) of the section, in any property. Subsection (a) permits the debtor to exempt his or her interest, not to exceed $7,500 in value, in real or personal property that the debtor or his or her dependents use as a residence.

The debtors filed their petition under Chapter 7 of the Bankruptcy Code in October of 1988. Thomas H. Fluharty was appointed and continues to act as trustee for the bankruptcy estate. In their *Schedule of Assets* (Schedule B–2(q)), the debtors listed as one of their assets a "possible suit against Pittsburgh National Bank," with the value stated as "unknown." Debtors scheduled this asset as exempt on the Schedule B–4 accompanying their petition, and listed the corresponding value of the claimed exemption of said asset as "?".

In March of 1990, debtors filed suit against PNB in the Circuit Court of Ohio County, West Virginia (Case No. 90–C–182). This case was subsequently removed to the United States District Court for the Northern District of West Virginia [Civil Action No. 90–0031–W(k)] upon the motion of PNB. The debtors are the named plaintiffs in this lawsuit. In response to the complaint, PNB filed a motion to dismiss, raising, among other defenses, the debtors' lack of standing to maintain a lawsuit on their own behalf without authorization of the trustee or the Bankruptcy Court.

On August 15, 1990, the District Court entered an order granting PNB's motion to dismiss, holding that since the trustee had not abandoned the claim against PNB, the asset remained part of the bankruptcy estate and the debtors accordingly lacked standing to bring the action on their own behalf. In the order, the District Court also questioned the ability of the debtors to exempt any proceeds recovered to the extent that such proceeds exceeded the $7,900 amount statutorily permitted under the relevant subpart of W.Va.Code § 38–10–4. This *dicta* in the District Court's order represents the gravamen of PNB's argument in the instant case.

Debtors argue that because their "possible claim" had not been formalized by the institution of a civil action at the time their

bankruptcy petition was filed, and was therefore contingent, disputed, unliquidated and speculative, they were unable to place a value on the asset at the time the schedules were submitted to the court. Furthermore, debtors assert that the asset had no value as of the date of the petition and thus falls within the dollar limits of property which may be exempted under W.Va.Code § 38–10–4(e). Debtors also argue that since PNB failed to object to the debtors' claimed exemption in the "possible claim" within the time period required by Bankruptcy Rule 4003(b), the "possible claim" is now "deemed exempt" pursuant to the provisions of 11 U.S.C. § 522(*l*). The Court will address each of these arguments in turn.

## DISCUSSION

PNB has not disputed that the debtors have a right to exempt that portion of the "possible claim" which is within the limits permitted by W.Va.Code § 38–10–4(e). This section, however, limits an individual debtor's exempt interest in property to $7,900. The debtors have additionally claimed other exemptions totalling $4,015 each, which must also be computed in reaching this $7,900 maximum. Accordingly, PNB argues that the debtors may claim no more than $3,885 each as an exemption in their recovery from the possible claim, or a total of $7,770.

■ Debtors assert, however, that the value of the possible claim must be determined by ascertaining the fair market value of the asset as of the date of the filing of the petition. This is a correct statement of law under 11 U.S.C. § 522(a)(2). Debtors have cited *In re Rehbein*, 49 B.R. 250 (Bankr.D.Mass.1985) in support of their position that the fair market value of an asset must be ascertained by determining the price a willing buyer would pay for the asset on an open market. Debtors assert that, under this theory, since no buyer would have paid any amount to purchase the unliquidated, contingent and disputed "possible claim" as of the date the petition was filed, the possible claim had a value of zero on that date, and therefore it fell within the statutory maximum prescribed by W.Va.Code § 38–10–4(e) and was properly exempted.

■ The Court finds this reasoning unpersuasive. The purpose of valuing property as of the date of the filing is to avoid the effect of fluctuations in the market caused by the general economic factors of demand and supply. *In re Rehbein*, 49 B.R. 250 (Bankr.D.Mass.1985); *In re Tarrant*, 19 B.R. 360 (Bankr.D.Alaska 1982). These factors do not have a significant effect on a potential lawsuit, which is not an asset generally traded on the free market. This renders the general open-market sale test generally inapplicable to a determination of the value of a possible claim. Accordingly, the Court cannot hold that the fair market value of a "possible claim" must be determined by the price a willing buyer would have paid to purchase the claim on a particular date.

■ The Court does not have sufficient information before it from which it can make a determination of the present value of the debtors' possible claim. The Court finds, however, that it need not place a value on the possible claim in order to rule on the motion before it. The debtors may not exempt any amount of the proceeds from the possible claim which exceeds the statutorily prescribed maximum amount permitted to be exempted under W.Va.Code § 38–10–4(e). The best evidence of the value of the potential claim, however, is the recovery, if any, that the debtors ultimately achieve in the underlying action. Although the Court could estimate this amount, it finds that such an exercise would be unnecessary since the value of the possible claim will not fluctuate over time. Thus, the Court finds it sufficient to hold that the debtors may exempt the proceeds from any recovery on the potential claim only to the extent that such proceeds do not exceed the $7,900 maximum exemption allowed per individual under W.Va. Code § 38–10–4(e), with proper deductions made for other property exempted by the debtors which must also be included under this section.

■ Furthermore, the Court rejects the debtors' argument that the "possible claim" had no value as of the date of the filing of the petition because the action arising thereunder had not yet been instituted. A debtor's interest in a potential suit arising from pre-petition action clearly becomes property of the estate under 11 U.S.C. § 541 upon the filing of a petition for relief under Title 11. Under the debtors' reasoning, a debtor could circumvent the estate's interest in such a potential claim by waiting until after the petition was filed to institute the action, then exempt the full recovery from the asset on the basis that it had a value of zero on the date the petition was filed. A potential claim must, therefore, be valued at the amount of award which it actually is estimated will be recovered therefrom, regardless of whether or not a formal action has been instituted on the claim prior to the filing of the petition. Furthermore, if the actual value of a potential claim exceeds the maximum amount which may be properly exempted, the claim of exemption over such maximum amount must be disallowed.

■ Debtors argue further that, even if the value of the claim exceeds the statutorily prescribed maximum amount, they are now entitled to exempt any proceeds recoverable from the possible claim over and above this maximum amount because no party in interest timely objected to the exemption as required by Bankruptcy Rule 4003(b). A number of courts have addressed this issue since the enactment of the Bankruptcy Code. Several courts have held that the failure of a party in interest to timely object to a debtor's claim of exemption mandates that the exemption be allowed *as declared. See In re Davis*, 105 B.R. 288, 293 (Bankr.W.D.Pa.1989); *aff'd*, 118 B.R. 272 (W.D.Pa.1990), for a list of authorities cited. The *Davis* court, however, rejected this rationale and elected to follow an opposing line of cases which hold that the provisions of Section 522(e) of the Code, which states that property claimed exempt is deemed exempt in the absence of an objection by a party in interest, contains an additional requirement that a statutory basis for the claimed exemption must exist

before the failure of a party in interest to object establishes the debtor's right of exemption in the property. *Davis*, 105 B.R. at 292; *citing Matter of Dembs*, 757 F.2d 777 (6th Cir.1985); *In re Rollins*, 63 B.R. 780 (Bankr.E.D.Tenn.1986); and *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984). Under this rationale, a debtor cannot take advantage of the failure of other parties to object to a claimed exemption in the absence of an initial good-faith statutory basis for claiming such exemption. *Dembs*, 757 F.2d at 780.

This Court agrees with the *Davis* court that the latter view on this matter represents the better-reasoned rationale. Section 522($l$) of the Code makes reference to property claimed exempt by the debtor pursuant to Section 522(b). Section 522(b) limits the property a debtor may exempt to that which may otherwise be exempted under relevant federal or state law. Thus, a debtor may not simply randomly choose to exempt any property without an underlying statutory basis and then claim entitlement to such exemption merely because no objection has been made. Rather, only property which is otherwise properly exempted may be deemed exempt if a party in interest fails to file a timely objection.

Furthermore, as stated in the district court's opinion in *Davis*, orderly administration of the estate would be hindered by permitting a debtor to claim exempt property with a value which is listed as unknown. 118 B.R. at 275. This method would shift the burden of determining the statutory basis of any claimed exemption to the trustee. *Id.* Under this scenario, a debtor could potentially claim an exemption in anticipation that the trustee could fail to discover the lack of authorization for such exemption and thus realize an otherwise unauthorized benefit at the expense of its creditors. *Davis*, 105 B.R. at 293. This Court therefore concludes that the policies of the Code would be frustrated by such a shifting of obligation and that therefore the burden of establishing the statutory basis of any claim of exemption must rest with the debtor.

The trustee has not yet abandoned the cause of action, and it therefore remains property of the estate subject, however, to the debtors' right of exemption. The debtors have the right to exempt property totalling $7,900 each under W.Va.Code § 38–10–4(e), the provision cited by the debtors as their basis for exempting the possible claim. The debtors have each claimed $4,015 in exemptions in property other than the possible claim which must be deducted from this $7,900 amount. Thus, the debtors may properly exempt only $3,885 each in any recovery on the possible claim, or a total of $7,770. Accordingly, to the extent any amount over $7,770 is recovered from pursuit of the possible claim against PNB, such funds shall be retained by the trustee as non-exempt property of the estate to be made available for distribution to creditors.