**In re Arthur FINN, Marjorie Finn, Debtors.**

**Bankruptcy No. 84–00869.**

United States Bankruptcy Court, N.D. New York.

Dec. 2, 1992.

Allan J. Bentkofsky, Auburn, NY, for debtors.

Melvin & Melvin, Syracuse, NY, for Merchants National Bank & Trust Co. of Syracuse, Louis Levine, Francesco Fabiano, of counsel.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Before the Court is the motion of Arthur and Marjorie Finn ("Debtors") to avoid certain liens of Merchants National Bank and Trust Company of Syracuse (the "Bank") on their residential real property ("Property"), pursuant to § 522(f)(1) of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). The Court heard oral argument on Debtors' motion on August 11, 1992, and after the receipt of memoranda of law, the matter was submitted for decision on September 11, 1992.

## JURISDICTION

The Court has core jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1) and (b)(2)(K).

## FACTS

Debtors jointly filed a voluntary petition for relief under Chapter 7 of the Code on October 5, 1984. At the time of filing, Debtors' Property had a fair market value of $20,000 and was subject to a first mortgage held by Skaneateles Savings Bank which secured a debt of $3,009. There were also tax liens totalling approximately $1,000 against the Property. Additionally, the Property was encumbered by four judgment liens held by the Bank in the aggregate amount of $10,825.31, each of which were docketed in June 1984, as well as a judgment lien held by Mobil Oil Corporation in the amount of $538.79, docketed in September 1974.

The Debtors' case was closed pursuant to the Final Decree entered by the Court on February 7, 1985. Pursuant to an Order

signed by the Court on April 15, 1992, Debtors' case was reopened for the purpose of allowing them to file the instant motion to avoid each of the Bank's liens, pursuant to Code § 522(f)(1).[1]

## ARGUMENTS

Debtors assert that the Bank's liens may be avoided under Code § 522(f)(1) because those liens impair the combined $20,000 homestead exemption to which Debtors are entitled under New York CPLR § 5206(a). *See* N.Y.CIV.PRAC. L. & R. § 5206(a) (McKinney 1992); *John T. Mather Memorial Hosp. v. Pearl*, 723 F.2d 193 (2d Cir. 1983).

Both parties are before the Court under the assumption that the value of the Property has increased since Debtors' petition was filed in 1984, though neither has proffered a present valuation of the Property. However, Debtors argue that, in determining the extent to which their homestead exemption is impaired, the Court must utilize the value of their Property as of the date of filing, which in this case was $20,000. The Bank contends that, based upon the Supreme Court's ruling in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), any postpetition appreciation in the value of the Property must accrue to the benefit of the Bank. Therefore, the Bank maintains that the present value of the Property must be used in determining whether Debtors may avoid the liens in question.

## DISCUSSION

■ Code § 522(f)(1) allows for the avoidance of a judicial lien only to the extent that it impairs an exemption to which a debtor would have been entitled in the absence of that lien. *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). A debtor is entitled to exempt property only to the extent that the debtor possesses equity in that property. *In re Dore*, 124 B.R. 94, 95 (Bankr.S.D.Cal.1991) (citing *In re Galvan*, 110 B.R. 446, 450 (9th

---

1. By their instant motion, Debtors do not seek to avoid the judgment lien of Mobil Oil Corporation.

Cir. BAP 1990)). Therefore, to determine whether the Debtors herein would be entitled to their homestead exemption in the absence of the Bank's liens, the Court must first determine whether, and to what extent, the Debtors possess equity in their Property.

◼ Neither party disputes that "equity is determined by deducting the security interests in the property sought to be exempted (exclusive of the judicial lien at issue and the undersecured interests, if any, which are junior in priority to the judicial lien) from the value of the property." *See id.* at 95–96. Instead, the instant dispute concerns the proper valuation of the Property, which is a prerequisite to a determination of Debtors' equity in the Property, and hence to any determination as to the avoidability of the Bank's liens. The issue before the Court is whether the Property is to be valued as of the date Debtors' Chapter 7 was filed (the "filing date"), in which case it would be worth $20,000, or whether it is to be valued as of the date the instant motion was filed, in which case it would presumably be worth more than $20,000.

Prior to the Supreme Court's ruling in *Dewsnup v. Timm, supra,* it was well settled that, for the purpose of determining a debtor's entitlement to exemptions, the value of property sought to be exempted was to be determined as of the filing date. *See, e.g., White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) (eligibility to claim homestead exemption and ability to avoid judicial lien fixed as of filing date); *In re Dore,* 124 B.R. 94, 96 (Bankr.S.D.Cal.1991) (citing *In re Seyfert,* 97 B.R. 590 (Bankr. S.D.Cal.1989)); *In re Wissman,* 121 B.R. 739, 741 (Bankr.N.D.W.Va.1990). The Bank, however, contends that the practice of valuing property as of the filing date can no longer be maintained in light of the Supreme Court's declaration in *Dewsnup* that "[a]ny increase over the judicially determined valuation [of real property] during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor ..." — U.S. at —, 112 S.Ct. at 778.

*Dewsnup,* of course, dealt with the question of whether Code § 506(a) and (d) allowed for "lien-stripping" in a Chapter 7 case, and thus concerned judicial valuation of property pursuant to Code § 506(a), as opposed to lien avoidance under Code § 522(f)(1). To extend *Dewsnup* to require that "present value" be utilized in determining exemption availability under Code § 522 would run counter to the Supreme Court's admonition that *Dewsnup* is of limited precedential value. The Supreme Court stated in *Dewsnup* that,

[h]ypothetical applications [of Code § 506] that come to mind and those advanced at oral argument illustrate the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day.

*Id.* Thus, outside of a Chapter 7 lien-stripping context, a judicial conclusion founded upon the view that a creditor should receive the benefit of any post-petition increase in the value of real property would be based, in Justice Scalia's words, upon "inappropriate ... policy intuitions of a legislative character." *See id.* — U.S. at —, n. 1, 112 S.Ct. at 781, n. 1 (Scalia, J., dissenting). *See also In re Prestegaard,* 139 B.R. 117, 120 (Bankr.S.D.N.Y. 1992). *See generally* Howard, *Dewsnupping the Bankruptcy Code,* 1 Journal of Bankruptcy Law and Practice, 513 (1992). *Accord In re Bellamy,* 962 F.2d 176, 182–83 (2d Cir.1992). Accordingly, this Court holds that for the purpose of determining questions of lien avoidance under Code § 522(f)(1), property must be valued as of the filing date. *See In re Herman,* 120 B.R. 127, 130 (9th Cir. BAP 1990); *In re Dodge,* 138 B.R. 602, 607 (Bankr.E.D.Cal. 1992) (citing *White v. Stump, supra* ); *In re Dore,* 124 B.R. at 96; *In re Wissman,* 121 B.R. at 741.

◼ Therefore, in determining Debtors' equity in their Property, the value of the Property must be fixed at $20,000. The security interests in the Property, excluding the Bank's liens, amount to $4,547.79,

leaving Debtors with $15,452.21 of equity in the Property, which is fully exempt under N.Y. CPLR § 5206(a). *See In re Dore,* 124 B.R. at 96 (available exemption is lesser of 1) equity or 2) maximum potential value of exemption claimed).

Because judicial liens are avoidable under Code § 522(f)(1) only to the extent to which they impair an available exemption, the Court must determine whether Debtors' equity exemption in their homestead is impaired by the Bank's liens. To make such a determination, the Court must:

> [S]ubtract the allowed amount of the judicial lien[s] from the equity determined to exist ... If after subtracting the lien from such equity there remains a property interest which is greater in value than the available exemption, no impairment exists. If the deduction leaves equity which is less than the available exemption, impairment arises to the extent of the deficiency. If no equity remains, impairment of the available exemption is complete.

*Id.* (quoting *In re Galvan,* 110 B.R. at 450). In the present case, the Bank's liens total $10,825.31. If this amount were subtracted from Debtors' equity of $15,452.21, Debtors' equity would be $4,626.90. Debtors' available exemption in the amount of $15,452.21 is thus impaired by the entirety of the Bank's $10,825.31 of aggregate liens.

Therefore, based upon the foregoing, each of the Bank's four judgment liens is hereby avoided pursuant to Code § 522(f)(1).

IT IS SO ORDERED.