In re John Edward LATTIMORE and Terri Laverne Clay Lattimore, Debtors.

Bankruptcy No. 86–01137–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 11, 1988.

Curtis L. Mann, Clayton, Mo., trustee.

Stephen M. Hereford, Clayton, Mo., for trustee.

T.J. Mullin, Clayton, Mo., for debtors.

## MEMORANDUM OPINION AND ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters before this Court in the Chapter 7 Bankruptcy case of John and Terri Lattimore are the Debtors' Motion to Compel Abandonment and Damages and the Trustee's Motion to Compel Debtors' Cooperation. In essence, the Debtors and the Trustee are involved in a dispute as to the interest of the estate in various assets. These matters were set for hearing, at which the parties presented no testimony but argued the law pertaining to the issues. After due consideration given to the record as a whole and argument of counsel, this Court denies the relief sought by the Trustee and grants the Debtors' motion in part and denies the motion in part.

## JURISDICTION

These matters are core proceedings and this Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Rule 29 of the Rules of Court for the United States District Court for the Eastern District of Missouri.

## FACTS

The Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 16, 1986. On that date, the Debtors also filed their schedule of property upon which they claimed an exemption. Included on this schedule was an exemption claimed in the Debtors' cash, all salary due as of the date of filing, and tax refunds, all totalling $2,400.00. Additionally, the Debtors claimed all their interest in pension fund benefits as exempt pursuant to § 513.430(10)(e) RSMo.

Curtis L. Mann was thereafter appointed Trustee in this case. The meeting of creditors was held and closed on June 16, 1986. The notice of the meeting of creditors provided that unless extended, an objection to the Debtors' claim of exemptions must be filed within 30 days after the meeting. The Trustee took no action to object to the Debtors' claimed exemptions within that time period.

The Trustee claims that funds aggregating $3,980.63 are subject to administration in this case. Of that sum, $2,509.36 is held in a pension plan administered by Mr. Lattimore's employer. The parties agree that Mr. Lattimore is about 25 years away from retirement.

It is also agreed that the Debtors may properly exempt $2,400.00 under Missouri law.

## ANALYSIS

In support of his motion to compel the Debtors' cooperation, the Trustee has argued that the money held by Mr. Lattimore's employer is available for administration in this case, as these funds may be exempted only to the extent necessary for the reasonable support of the Debtors. See § 513.430(10)(e) RSMo. Thus, the Trustee is attempting to administer upon any non-exempt portion of the pension funds. He requests that this Court order the Debtors to cooperate in having the funds turned over to him.

The Debtors challenge this attempt, in that, the Debtors have listed *all* their interest in the pension fund as exempt. The Debtors' position is that the Trustee was required to object to their claimed exemptions within thirty (30) days of the close of the meeting of creditors, pursuant to Bankruptcy Rule 4003(b).

Bankruptcy Rule 4003(b) as recently amended provides:

"(b) Objections to Claim of Exemptions. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to

the trustee and to the person filing the list and the attorney for such person." The portion of the rule recently amended is not germane to the issues in this case.

It is clear from the facts that the Debtors declared all their interest in the pension plan as exempt. It is also apparent no objection to that declaration was made within thirty days of the meeting of creditors.

Many courts facing this issue have held that Rule 4003(b) is to be strictly applied. This matter was addressed in this District in *In re Harrison*, Vol. III BAMSL 0332, p. 3114, Bkrtcy. No. 86-00009(SE)(2), Adv. No. 86-0117(2), wherein the Court held a strict construction of the Rule was to be applied in a similar set of facts to those here. See also *In re Grossman*, 80 B.R. 311 (Bkrtcy.E.D.Pa.1987) (listing overwhelming authority for strict adherence).

In *Grossman, supra,* the Court concluded that allowing the trustee's turnover request, where no timely objection had been made to the debtor's claim of exemption in the property, was tantamount to allowing an untimely objection.

This Court follows long and distinguished precedent in concluding the Trustee's Motion to Compel Debtors' Cooperation must be denied for failure to object in a timely manner.

The Debtors' motion in this case seeks an order from this Court requiring the Trustee to abandon all interest in the pension fund. Consistent with the conclusion above, this Court concludes that the Debtors are entitled to this requested relief.

The Debtors also request the Trustee be ordered to abandon any claim of interest in other monies. These funds are either now held by the Trustee or are funds to which the Trustee asserts an interest.

It is agreed by the parties that $3,980.63 is at issue here and of that sum, $2,509.36 is the monies held in the pension plan. Further, it is agreed the Debtors may claim $2,400.00, as exempt under Missouri law. Thus, the difference between $3,680.63 and $2,509.36 may be claimed as exempt, and is property of the Debtors. To the extent the Trustee is holding any portion of these funds, they are to be turned over to the Debtors.

 The Debtors also request this Court assess damages against the Trustee. No evidence of damages having been presented, the request will be denied. Therefore,

IT IS ORDERED that the Trustee's Motion to Compel Debtors' Cooperation is denied, and the Debtors' Motion to Compel Abandonment and Damages is granted in part and denied in part, in that,

IT IS FURTHER ORDERED that the Trustee abandon any interest in the pension fund of the Debtors and abandon interest in any other property of the Debtors as outlined above; and

That the Debtors' request that the Trustee be ordered to refund all non-exempt funds is granted; and

IT IS FURTHER ORDERED that the Debtors' request for an additional award of damages is denied.