**In the Matter of Henry J. HANSEN and Laure E. Hansen, Debtors.**

**Bankruptcy No. 84–40325.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Oct. 18, 1988.

Frank O. McLane, Trustee, Marion, Ind., for movant.

Daniel P. Murphy, Winamac, Ind., for debtor.

## MEMORANDUM OF DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on a petition to determine entitlement to assets, filed on behalf of the Trustee on January 27, 1988. By it, the court has been asked to determine how much of the $47,680.27 currently held by the Trustee should be distributed to the debtors and/or the Farmers Home Administration. Any remaining funds would then be available for distribution to other creditors of the bankruptcy estate.

The petition was the subject of a pre-trial conference, attended by counsel for the trustee and the debtors. At that time, the issues concerning the rights of Farmers Home Administration, if any, were continued to be

emptions. In this regard, the parties have stipulated:

1. The debtors claimed, as exempt property, the sum of $5,405.00 in the form of $750.00 cash and the balance as deposits with various financial institutions;

2. No timely objections to the claimed exemptions were filed by the Trustee or by any other party in interest, and;

3. The debtors assert no claim to the remaining funds currently in the Trustee's possession.

It was also agreed that this matter could be submitted based upon these stipulations and the briefs of counsel. Although the debtors have filed a brief in support of their position, the trustee has failed to do so. Upon the expiration of the briefing schedule, the issues raised by the petition were taken under advisement.

The debtors' position is straight forward. They rely upon 11 U.S.C. § 522(*l*) and Bankruptcy Rule 4003(b). Section 522(*l*) provides that "unless a party in interest objects, the property claimed as exempt . . . is exempt." Bankruptcy Rule 4003(b) then requires such an objection to be filed within thirty days after the first meeting of creditors. Working from these two propositions, since the claimed exemptions were never challenged, the debtors contend the entire $5,405.00 must be distributed to them as exempt. To this end, the debtors obviously feel it would be unfair and inappropriate to permit a challenge to their exemptions more than three years after the first meeting of creditors took place. Thus, they argue that the language of § 522(*l*) and Bankruptcy Rule 4003(b) should be strictly applied in their favor.

The Trustee's position is unclear, since no brief has been filed on his behalf. He has, nonetheless, asked the court to determine whether he should distribute the funds in question to the debtors, as part of their exemptions. The Trustee's reluctance to do so, without court approval, may be construed as a belated objection to the claimed exemptions. Indeed, it has been so interpreted by the debtors. It thus be-

comes necessary to consider what circumstances, if any, permit the court to entertain an untimely objection to exemptions. If the court can entertain the objection, we must then determine whether the claimed exemptions are proper.

■ In this instance, the second question is the easiest to answer and will be considered first. Indiana has opted out of the federal bankruptcy exemptions. Accordingly, its residents may only claim exemptions in the property specified by Indiana law. I.C. 34–2–28–0.5. These exemptions are found at I.C. 34–2–28–1. Given the property in question, the relevant exemptions are set out in paragraphs (a)(2) and (a)(3) of this section. The first allows an exemption of $4,000.00, per person, in real estate or tangible personal property. The second provides each debtor with a $100.00 exemption in intangible personal property.

Where the debtors' cash is concerned, there is no problem with the claimed exemption. This court has previously held that cash is tangible personal property, for the purpose of I.C. 34–2–28–1(a)(2). *See Matter of Koehl*, No. 87–10550 (Bankr.N.D. Ind. July 8, 1988). When that $750.00 is added to the other items of personalty the debtors have elected to exempt, they remain within the statutory limits for this type of property.

The debtors' claimed exemption for deposits with financial institutions presents an entirely different situation. These deposits are intangible property. *Myles v. Flora*, 462 N.E.2d 1319 (Ind.App.1984). Consequently, the debtors' combined exemption is limited to $200.00. I.C. 34–2–28–1(a)(3). The exemption they have claimed, however, is $4,655.00. As a result, debtors have claimed exemptions far greater than those to which they are legally entitled. In spite of this, if Rule 4003(b) precludes the court from giving any consideration to untimely objections, the debtors' claimed exemption must stand.

■ The debtors' argument, for the strict application of the time limits concerning objections to exemptions, is not without support. *See In re Latimer*, 82 B.R. 354,

359 (Bankr.E.D.Pa.1988); *In re Lattimore*, 81 B.R. 18, 20 (Bankr.W.D.Mo.1988); *Matter of Gullickson*, 39 B.R. 922, 923 (Bankr. W.D.Wis.1984); *In re Thomas*, 27 B.R. 367 (Bankr.S.D.N.Y.1983); *In re Novotny*, 17 B.R. 196 (Bankr.S.D.1982). In reaching this conclusion, courts have relied upon the plain language of the Rule and § 522(*l*), together with the limitations, contained in Rule 9006, upon the court's ability to extend the time within which such objections could be filed. *In re Grossman*, 80 B.R. 311, 312–14 (Bankr.E.D.Pa.1987). *See also In re Blum*, 39 B.R. 897, 898 (Bankr.S.D. Fla.1984). The need for a precise date as of which the rights of the various parties to a bankruptcy proceeding can be established has also been referred to. *In re Grossman, supra,* 80 B.R. at 315. To the extent such a strict interpretation is criticized, on the basis that it might encourage debtors to claim exemptions to which they are not, as a matter of law, entitled, Rule 9011 is viewed as providing a sufficient remedy. *In re Grossman, supra,* 80 B.R. at 313.

There is, however, another line of authority which is opposed to the position debtors espouse. This authority would permit the court to entertain a belated objection to exemptions, under limited circumstances. *See Matter of Dembs*, 757 F.2d 777, 780 (6th Cir.1985); *In re Harrigan*, 74 B.R. 224, 230 n. 4 (D.N.D.Ill.1987); *In re Rollins*, 63 B.R. 780, 783–84 (Bankr.E.D.Tenn. 1986); *In re Penland*, 34 B.R. 536, 542 (Bankr.E.D.Tenn.1983); *In re Hackett*, 13 B.R. 755, 757 (Bankr.E.D.Penn.1981). These courts have adopted the proposition that the failure to object to an exemption, within the time required, will not create an exemption which otherwise would have no legal basis. *In re Rollins, supra,* 63 B.R. at 783–784. As a prerequisite, they first require the claim to have a statutory foundation. *In re Bennett*, 36 B.R. 893, 895 (Bankr.W.D.Ken.1984). "[T]here must be a good-faith statutory basis for the exemption." *Matter of Dembs, supra,* 757 F.2d at 780. Without it, an untimely objection to the claim may be entertained. These courts have observed,

'exemption by declaration' is unacceptable for broader policy reasons. The obvious result of such a rule would be to encourage a debtors' claim that *all* of his property is exempt, leaving it to the bankruptcy trustee and creditors to successfully challenge the claim. *In re Bennett, supra,* 36 B.R. at 895. (emphasis original).

Consequently, for equitable and other reasons, these courts have elected to adopt a principle which will not allow a debtor to successfully claim an exemption to which it is not legally entitled, merely because no one filed a timely objection.

Before choosing between these two contradictory propositions, the court feels it should consider traditional litigation and, in particular, the consequences of a defendant's failure to answer or respond to a complaint within the time required. The failure to do so is obviously a default. It is not, however, "an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Construction Co. Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). Instead, the failure to respond operates as an admission of the well-pleaded factual allegations contained in the complaint. *Id.* Those allegations, however, must still provide a legitimate basis for the entry of judgment. Consequently, even after default, a defendant is still entitled to challenge the legal sufficiency of the complaint and whether its allegations state claim upon which judgment may be entered. *Id.* at 1207. *See also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978). If the well-pleaded allegations, which are deemed to have been admitted by the defaulting defendant, do not support the entry of judgment, judgment cannot be entered.

While this court understands and appreciates the policies and rationale which support the arguments against any consideration of untimely objections to exemptions, we feel there is a stronger and countervailing policy against granting a party relief to which it is not, as a matter of law, entitled. Furthermore, while we have no desire to encourage belated objections to exemptions, we have an equal reluctance to encourage "exemption by declaration." Giv-

en these policies, we decline to adopt a rule which would interpret the time limits of Rule 4003(b) with rigid inflexibility.[1] We prefer, instead, to treat an untimely objection to a claimed exemption in the same way the court would treat a defaulted defendant.

The failure to file a timely objection to exemptions will be construed as an admission of the factual allegations, contained in schedule B–4, concerning the claimed exemptions.[2] The belated objector will not be permitted to challenge these facts. The objector may, however, challenge whether those facts legally entitle the debtor to the exemption claimed. Thus, if a debtor claims real or personal property exempt as a personal residence, pursuant to I.C. 34–2–28–1(a)(1), the untimely objection would not be permitted to question whether or not that property constitutes a residence. In the same fashion, if a debtor claims property exempt, pursuant to I.C. 34–2–28–1(a)(4), as professionally prescribed health aids, an untimely objection would not permitted to challenge this characterization.[3]

■ Applying this standard to the debtors' claimed exemptions and the Trustee's objection, requires the court to sustain the objection, in part. While the debtors are legally entitled to exempt the $750.00 cash, the claimed exemption of $4,655.00 for deposits with financial institutions is legally impermissible. These deposits are intangible property under Indiana law and the debtors' exemption in them is limited to $100.00 each. Accordingly, as a matter of law, debtors are not entitled to the exemption they have claimed.

Debtors' claimed exemption of $750.00 cash is therefore allowed. The debtors' claimed exemption of $4,655.00 in deposits with financial institutions is disallowed, to the extent that claim exceeds $200.00.

It appears to this court that the improperly claimed exemption in intangible property was not the result of any bad faith or attempted deceit on behalf of the debtors or their counsel. Instead, it appears to have been the product of an imperfect understanding of Indiana law. Given the fact that the state's appellate court laid the question to rest well prior to the date of the debtors' petition, the mistake cannot be justified, although it can, perhaps, be understood.

It is not the desire of this court to deprive any debtor of the opportunity to claim exemptions to which it is legally entitled. We only seek to prevent an illegal claim from succeeding. The court's review of the debtors' schedules indicates that, as of the date of the petition, they owned personal property, which has not been exempted, out of which the exemption which has been disallowed may be claimed. The proceeds of this property appear to be in the Trustee's possession and, therefore, potentially available for distribution on account of any permissible exemption. Accordingly, the debtors shall be given thirty (30) days from this date within which time to amend schedule B–4, in order to claim

---

1. The court is familiar with the Seventh Circuit's decision *Matter of Brandstaetter,* 767 F.2d 324 (7th Cir.1985). Relying upon the proposition that a post discharge objection to a claimed exemption was untimely, the decision of the district court, overruling the objection, was affirmed. The appellate court specifically noted the "peculiar circumstances" of the case which confronted it and appears to have been greatly persuaded by the inequity or prejudice which would have resulted to the debtor had the objection been permitted.

The funds here in question are not in the debtors' possession and have always been in the possession of the Trustee. Further, we are not presented with any post petition "investment" by the debtors to create this asset. In these respects, the present case is distinguishable from that considered by the Seventh Circuit.

More importantly, the *Brandstaetter* Court specifically recognized that "extraordinary circumstances" could exist which would not compel disallowing the objection. *Id.* at 327. The present case requires this court to consider an example of those "extraordinary circumstances."

2. Local bankruptcy rule B–206 governs the specificity with which property claimed to be exempt must be described. The statutory basis for the exemption must also be identified.

3. In other jurisdictions where a right to exempt property depends upon the use to which it is put, such as household goods, tools of a trade, or farm implements, these facts would be deemed admitted.

any additional exemptions permitted by I.C. 34–2–28–1(a)(2).

An appropriate order will be entered.