In re John William STUTTERHEIM
and Hazel Marion Stutterheim,
Debtors.

John William STUTTERHEIM and
Hazel Marion Stutterheim,
Appellants,

v.

FIRST STATE BANK, ALMENA,
KS., Appellee.

No. 87–40890–7.
Bankruptcy No. 88–4192–R.

United States District Court,
D. Kansas.

Nov. 22, 1989.

Motion for New Trial or Rehearing
Denied Jan. 12, 1990.

William H. Stowell, Phillipsburg, Kan., James H. Dodson, Beaver City, Neb., for debtors.

Dale L. Somers, Patricia Hamilton, Eidson, Lewis, Porter & Haynes, Topeka Kan., for First State Bank of Almena.

MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a bankruptcy appeal. Appellants, John and Hazel Stutterheim, are the debtors in a Chapter 7 bankruptcy. They filed on June 9, 1987. On a B–4 Schedule, debtors listed as exempt an American Investors Annuity dated March 6, 1986 and valued at $4,500.00. The issue in this bankruptcy appeal is whether an objection to exempting the annuity should be upheld. The parties agree that this is a question of law. Therefore, the decision of the bankruptcy court, 109 B.R. 1006 is reviewed de novo. *In re Branding Iron Motel. Inc.*, 798 F.2d 396 (10th Cir.1986).

Under Bankruptcy Rule 4003(b), any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors. The meeting of creditors in this case was set for July 13, 1987. The appellee, The First State Bank of Almena, did not appear at the creditors' meeting. The Bank did not file an objection to the annuity as an exempt asset until January 26, 1988. Section 522(*l*) [small "L" not "one"] provides that: "Unless a party in interest objects, the property claimed as exempt on such list is exempt." The Sixth Circuit has interpreted Rule 4003(b) and Section 522(1) as follows:

> The clear import of the ... rule and of section 522(*l*) is that objections to claimed exemptions must be made within thirty days after the creditors' meeting or any amendment, or they are waived.... We do not mean by this to endorse "exemption by declaration"; there must be a good-faith statutory basis for exemption, and in that respect we fully approve *In re Bennett,* 36 B.R. 893, 895 (Bankr.W.D.Ky.1984). But where the validity of an exemption is uncertain under existing law, or where, ... it is the special character of the creditor that prevents the exemption, the creditor cannot rest on his rights in the face of Rule 4003(b).

*In re Dembs,* 757 F.2d 777, 780 (6th Cir. 1985).

In the case at bar, the bankruptcy judge held that an untimely objection to an exemption is permissible under 522(*l*) if the property is not exempt as a matter of law. Among other cases, the *Dembs* case was cited for this proposition. According to the bankruptcy judge, objections which raise questions of fact are waived if not timely filed. In this case, the bankruptcy judge found that only a legal issue was raised—i.e., whether the annuity is exempt under K.S.A. 40–414(a). Therefore, it did not matter to the bankruptcy court that the Bank's objection was untimely filed.

The bankruptcy court held that the annuity was not exempt under K.S.A. 40–414(a) because the annuity is not life insurance and K.S.A. 40–414(a) only makes life insurance exempt. K.S.A. 40–414(a) provides:

(a) If a life insurance company or fraternal benefit society issues any policy of insurance or beneficiary certificates upon the life of an individual and payable at the death of the insured, or in any given number of years, to any person or persons having an insurable interest in the life of the insured, the policy and its reserves, or their present value, shall inure to the sole and separate use and benefit of the beneficiaries named in the policy and shall be free from:

(1) The claims of the insured or the insured's creditors and representatives;

(2) the claims of any policyholder or the policyholder's creditors and representatives, subject to the provisions of subsection (b);

(3) all taxes, subject to the provisions of subsection (d); and

(4) the claims and judgments of the creditors and representatives of any person named as beneficiary in the policy of insurance.

The bankruptcy court explained its ruling as follows:

> [T]he annuity contract does not appear to fall within the plain provisions of K.S.A. 40–414. The contract is not "payable at the death of the insured" and is not payable "to any person or persons having an insurable interest in the life of the insured," but is payable to the annuitant himself. The contract contains none of the provisions affording traditional coverage for the death of the insured, such as payment to the spouse or other dependents, and does not pay an amount sufficient to compensate defendants for the loss of the services and companionship of the insured and/or burial expenses. By contrast, the annuity contract is a simple investment vehicle that offers a guaranteed return of the investment. The term "death benefit" appears to have been added solely as a means to clothe the contract with the trappings of a true policy of insurance.

The "death benefit" provided by the annuity was simply repayment of the single

premium plus accumulated interest in the event the annuitant died before the maturity date.

Appellants make three arguments on appeal: first, that the Bank waived any objection to the exemption of the annuity by failing to object within 30 days of the creditors' meeting; second, that the annuity qualifies as exempt property under the holding in *Equitable Life Assurance v. Hobbs*, 154 Kan. 1, 114 P.2d 871 (1941); and third, that there is at least a good faith statutory basis for exemption of annuity, and this is sufficient to overcome an untimely objection. This court rejects these arguments for the following reasons.

■ Read strictly, Rule 4003 and Section 522(*l*) support appellants' position concerning waiver. But, most courts have not followed appellants' interpretation of these provisions. Instead, most courts hold that an exemption must have an apparent legal basis for an exemption to overcome an untimely objection. *In re Frazier*, 104 B.R. 255, 257 (Bkrtcy.N.D.Cal.1989) ("There is virtually universal agreement that ... property [which could not be claimed as exempt as a matter of law] does not become exempt simply because no one files a timely objection."); *In re Hansen*, 101 B.R. 33 (Bkrtcy.N.D.Ind.1988); *In re Rollins*, 63 B.R. 780 (Bkrtcy.E.D.Tenn. 1986); *In re Bennett*, 36 B.R. 893 (Bkrtcy. W.D.Ky.1984); *In re Borth*, Case No. 83–11104 (Bkrtcy.D.Kan.1984). The reasons behind these holdings may differ slightly. For instance, in *Hansen*, the court made an analogy between a failure to object and an entry of default. Default is considered an admission of facts but not an admission of law. 101 B.R. at 35–36. Other courts have considered more practical reasons. As the court stated in *Bennett*:

> What we have chosen to call "exemption by declaration" is unacceptable for broader policy reasons. The obvious result of such a rule would be to encourage a debtor's claim that *all* of his property is exempt, leaving it to the bankruptcy trustee and creditors to successfully challenge that claim. We would revert to the law of the streets, with bare pos-

session constituting not nine, but ten, parts of the law; orderly administration of estates would be replaced by uncertainty and constant litigation if not outright anarchy.

36 B.R. at 895; *see also, In re Frazier, supra*, 104 B.R. at 259. Judge Morton reasoned in *Borth:* "[The] mandated procedural timetable does not create an exemption where none exists, nor may Section 522(*l*) be construed so as to arrive at such a result."

We are persuaded by the reasoning of the majority of courts on this issue. Therefore, we find that an objection to an exemption which is invalid under the law may be considered even if it is filed more than thirty days after the creditors' meeting.

■ Of course, under appellants' second argument, appellants assert that annuities *are* exempt under K.S.A. 40–414(a). This argument is based on *Equitable Life Assurance v. Hobbs*, 154 Kan. 1, 114 P.2d 871 (1941). There, the court held that "considerations for annuity contracts" were "premiums" for purposes of Kansas law regarding taxation of premiums received for insurance. The following language is found in the opinion:

> This is an original action in this court and it is our duty and responsibility to find the facts. *A majority of this court has concluded there is sufficient evidence to support the conclusion the instant [annuity] contracts are contracts of insurance.* The real question, however, is what did the lawmakers intend by the use of the word "premium." If they intended thereby to include "considerations received for annuity contracts," then it becomes immaterial whether the instant contracts constitute insurance contracts or annuity contracts. In the opinion of a majority of this court it is clear the lawmakers intended the word "premium" should include "considerations for annuity contracts." In view of this conclusion, it is unnecessary to prolong the opinion.

114 P.2d at 878 (emphasis added).

It is undisputed that Kansas law controls whether the annuity is exempt in this case.

The question is whether the *Hobbs* case controls the construction of K.S.A. 40–414(a). We do not believe the *Hobbs* case is controlling for the following reasons. First, in *Hobbs* the Kansas Supreme Court was not construing K.S.A. 40–414(a). Instead, the court was interpreting a taxation statute. Second, the court's holding is dicta since the court notes that the "real question" is not whether the annuity contracts are contracts of insurance. Federal courts are not bound to follow state court dicta unless such dicta is a clear and unequivocal exposition of law and does not conflict with other decisions. See *Curtis Publishing Company v. Cassel*, 302 F.2d 132, 135 (10th Cir.1962). We cannot consider the language in *Hobbs* "a clear and unequivocal exposition of law" concerning the interpretation of K.S.A. 40–414(a) when the Kansas Supreme Court was not addressing K.S.A. 40–414(a) in the opinion. Finally, the annuity does not provide the protection intended to be preserved by the statutory exemption for life insurance because it is not issued "upon the life of an individual" as required by the language of K.S.A. 40–414(a). For the above-stated reasons, we believe the bankruptcy judge was correct in holding that the annuity contract is not exempt.

Appellants' final argument is a good faith argument connected with the timeliness issue. Appellants contend that even if the annuity is not exempt as a matter of law under K.S.A. 40–414(a), there is a good faith statutory basis for finding an exemption, and this is sufficient under the *Dembs* case to require any objection to be made within 30 days or be waived. In *Dembs*, the Sixth Circuit stated that there must be "a good-faith statutory basis for exemption" under Rule 4003(b) and section 522(*l*); otherwise, an untimely, but valid, objection to the claimed exemption could be sustained.

The bankruptcy judge did not directly address this argument. But, it appears from the opinion that the bankruptcy court did not view the issue as one of good faith. The bankruptcy court held that objections based on legal issues can be made more than 30 days after the creditors' meeting, but objections based on fact issues must be asserted within the 30–day time period.

The appellees argue that good faith was not present in this case because prior to the time debtors filed their B–4 schedules, the bankruptcy court had indicated, in dicta, that an annuity would not enjoy the exemption given to life insurance policies. *In re Barash*, 69 B.R. 231, 233 (Bkrtcy.D.Kan. 1984).

It is difficult to determine what the Sixth Circuit meant in *Dembs* by the term "good faith statutory basis." The Sixth Circuit did not elaborate upon the term because it decided the case on totally different grounds. Thus, the discussion of the timeliness requirements of Rule 4003(b) and section 522(*l*) is dicta. It is notable that the Sixth Circuit states that it "fully approve[s]" the decision in *Bennett*, but the *Bennett* case never uses the term "good faith."

Under the facts of this case, the court prefers the approach of the bankruptcy court. As appellants admit, the main issue in this case is a question of law. Either there is a statutory basis for the exemption of annuities or there is not. Reading K.S.A. 40–414(a) as the bankruptcy court has, it should not matter if the objection by the Bank was filed beyond the 30 days provided for contesting a claimed exemption because, to reiterate Judge Morton's comment, "the mandated procedural timetable does not create an exemption where none exists ..." Nor should it matter whether the exemption was requested in good faith, if a statutory basis for the exemption is lacking. A persuasive policy reason for expanding statutory definitions of exempt property on the basis of a debtor's good faith in asserting the exemption is not apparent on the facts of this case.

The bankruptcy court's approval of the Bank's objection is affirmed. The Clerk is directed to transmit a copy of this order to the Clerk of the Bankruptcy Court.

IT IS SO ORDERED.