**In re John M. PODZAMSKY, Debtor.**

**Bankruptcy No. 90–72–BKC–3P1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 1, 1990.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW ON OBJECTIONS
TO DEBTOR'S CLAIM OF EXEMP-
TION

GEORGE L. PROCTOR, Bankruptcy
Judge.

This case was heard on August 21, 1990,
upon objections of the following creditors
to debtor's claim of exemption.

1. Sun Bank/North Florida, National
Association

2. The Sherburne Construction Compa-
ny, Inc.

3. Mayport Riverview Associates

4. D.G. Granger.

On the evidence and law presented and
argued, the Court makes the following
Findings of Fact and Conclusions of Law.

### Findings of Fact

1. On January 8, 1990, the debtor, filed
a petition under Chapter 11 of the Bank-
ruptcy Code to reorganize his financial af-
fairs.

2. On January 30, 1990, the debtor filed
his Statement of Financial Affairs and
Schedule of Assets and Liabilities. No
amendments have been filed.

3. In Schedule B–4, the debtor claimed
the following property as exempt:

| Property | Authority | Value claimed exemption |
|---|---|---|
| Interest in MAPA II (entireties) | Fla.Stat. § 222.21 | n/a |

4. On February 12, 1990, the United
States Trustee convened a meeting of cred-
itors, pursuant to Section 341 of the Bank-
ruptcy Code (11 U.S.C. § 341).

5. During the Section 341 meeting, the
United States Trustee requested that the
debtor provide further information and doc-
uments.

6. The United States Trustee made the
following statement at the meeting:

I'm going to continue this meeting to
an open date, and what that means is if
there is a need for another meeting,
everyone here will be given notice. So,
please, if you have not signed the pro-
ceeding memo, give me your name and
address on it, up here, name and who you
represent and telephone number.

7. There has been no further Section
341 meeting of creditors scheduled or con-
vened.

8. Creditor, Sun Bank/North Florida,
National Association, filed an Objection to
Claim of Exemption on July 13, 1990.

9. Creditor, The Sherburne Construc-
tion Company, Inc., filed an Objection to
Claim of Exemption on July 20, 1990.

10. Creditor, Mayport Riverview Associ-
ates, filed an Objection to Claim of Exemp-
tion on August 14, 1990.

11. Creditor, D.G. Granger, filed an Ob-
jection to Claim of Exemption on August
20, 1990.

12. Debtor admits that he wrongfully
on Schedule B–4 showed Fla.Stat. § 222.21
as the authority for Debtor's Claimed Ex-
emption. He has not amended his Schedule
B–4 but concedes that he grounds his ex-
emption rights solely on the argument that
the MAPA II interest was owned, immedi-
ately before the commencement of his case,
by he and his wife as tenants by the entire-

ty and that this property is exempt under Section 522(b)(2)(B) of the Bankruptcy Code.

13. The debtor and his wife executed an Acknowledgement and Agreement on April 10, 1981, which purported to give the wife a "50% interest in John M. Podzamsky's share" in MAPA. MAPA II is a general partnership. MAPA II did not exist on April 10, 1981. MAPA was a different general partnership than MAPA II. There were no other instruments executed by debtor and wife which purported to create either a joint interest or tenancy by the entirety ownership in MAPA or MAPA II.

14. Debtor testified that the MAPA II interest was owned by he and his wife as tenants by the entirety because (a) the terms of the Acknowledgement and Agreement created such ownership and (b) joint marital funds were used to purchase the MAPA II partnership interest. Debtor did not produce any checks or other substantiating evidence, and debtor's wife did not testify at the hearing.

15. The creditors presented substantial evidence that the debtor had not treated the MAPA II partnership interest as a tenancy by the entirety and had, in his individual capacity, granted security interests in the MAPA II partnership interest to one of his creditors.

## Conclusions of Law

1. Upon commencement of a bankruptcy case, an estate is created which consists of all property in which a debtor has a legal or equitable interest as of that time. 11 U.S.C. § 541(a). However, an individual debtor may exempt property from his/her bankruptcy estate by claiming exemptions as authorized by Section 522 of the Bankruptcy Code.

2. Section 522 provides that a state may opt out of the federal exemptions and limit its residents to those exemptions provided under its state laws. The State of Florida has exercised this option. Section 222.20, Florida Statutes (1977). Therefore, a debtor who is a resident of Florida may claim exemptions under Section 522(b)(2)(A) and Section 522(b)(2)(B).

3. Section 522(l) requires that a debtor list his claimed exemptions and permits interested parties to object:

(l) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

4. Rule 4003(a) of the Bankruptcy Rules prescribes the procedure for such objections:

(b) *Objections to Claim of Exemptions.* The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

5. Section 522(b)(2)(B) permits a debtor to exempt from property of his estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law."

6. For purposes of Rule 4003(b), the Section 341 meeting in this case concluded on February 12, 1990. Therefore, objecting creditors did not file the objections within the time limits prescribed by Rule 4003(b).

7. The issue raised in this adversary proceeding is whether Rule 4003(b) constitutes an absolute bar to consideration of objections which are not filed within the prescribed 30 day period regardless of validity of the claimed exemption.

There is a sharp conflict between courts on this issue. Some courts strictly

apply Rule 4003(b) so that the failure of an interested party to object in a timely manner results in allowance of a claimed exemption even if it is invalid. *See, In re Grossman*, 80 B.R. 311 (Bankr.E.D.Pa. 1987); *In re Froid*, 89 B.R. 950 (Bankr.M. D.Fla.1988).

Even though the Creditors' Objections were not timely filed, the Court concludes that it has authority to consider whether the debtor's Claimed Exemption complies with the requirements of Section 522(b)(2)(B) since the debtor may not simply claim such rights when there is no supporting legal basis.

Many courts hold that an exemption must have an apparent legal basis to withstand an untimely objection. *In re Stutterheim*, 109 B.R. 1010, 1012 (D.Kan.1989). This prevents debtors with questionable motives from obtaining exemptions as to assets which are not exempt merely because objections are not filed within the 30 day period. *See, In re Davis*, 105 B.R. 288 (Bankr.W.D.Pa.1989). Under this approach, courts consider belated objections to exemptions in limited circumstances. These circumstances include the following:

(i) Absence of statutory basis for a claimed exemption. *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984);

(ii) Absence of apparent legal basis for the exemption. *In re Rollins*, 63 B.R. 780 (Bankr.E.D.Tenn.1986).

(iii) Absence of good-faith statutory basis for exemption. *In re Dembs*, 757 F.2d 777, 780 (6th Cir.1985).

Similarly, in *In re Frazier*, 104 B.R. 255, 257 (Bankr.N.D.Cal.1989), stated, "[t]here is virtually universal agreement that such property [property which could not be claimed exempt as a matter of law] does not become exempt simply because no one files a timely objection."

In *In re Hansen*, 101 B.R. 33 (Bkrtcy.N. D.Ind.1988), the court stated:

While this court understands and appreciates the policies and rationale which support the arguments against any consideration of untimely objections to exemptions, we feel there is stronger and countervailing policy against granting a party relief to which it is not, as a matter of law, entitled. Furthermore, while we have no desire to encourage belated objections to exemptions, we have an equal reluctance to encourage "exemption by declaration."

. . . . .

It is not the desire of this court to deprive any debtor of the opportunity to claim exemptions to which it is legally entitled. We only seek to prevent an illegal claim from succeeding.

101 B.R. at 35, 36.

8. Florida law governs whether there is a tenancy by the entirety in the MAPA II partnership interest.

■ 9. Debtor and his wife did not own the MAPA II partnership interest as tenants by the entirety immediately before the commencement of the case since there was no instrument of conveyance executed which clearly showed an intention to create a tenancy by the entirety and since the essential unities of an entirety estate did not exist. *In re Golub*, 80 B.R. 230 (Bankr.M.D.Fla.1987).

10. The creditors' failure to object in a timely manner to Debtor's Claimed Exemption cannot transform an unlawful exemption into a lawful exemption.

By separate Order, the Court will sustain Creditors' Objections to Claimed Exemption of Debtor.