In the Matter of Gregory Alan SLENTZ,
Joni Lynn Slentz, Debtor(s).

Bankruptcy No. 92–11813.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

July 12, 1993.

Thomas A. Brown, Hartford City, IN, for debtor.

Frank O. McLane, Marion, IN, Trustee.

### DECISION

ROBERT E. GRANT, Bankruptcy Judge.

At Fort Wayne, Indiana, on 12 July 1993.

On March 31, 1993 debtors filed an amended schedule of exempt property. In doing so, they claimed an exemption of $1,192.00 in "common stock" pursuant to I.C. 34–2–28–1.[1] The trustee filed a timely objection to the newly claimed exemption. This matter is before the court following the hearing held as a result of that objection.

Indiana has exercised its opportunity to opt out of the federal bankruptcy exemptions. *See* 11 U.S.C. § 522(b). Accordingly, its residents may only claim exemptions in the property specified by Indiana law. I.C. 34–2–28–0.5. These exemptions are found primarily at I.C. 34–2–28–1(a).

Under Indiana law, the extent to which property may be exempted from the claims of creditors is largely a function of its character, be it real, personal, tangible or intangible. *See* I.C. 34–2–28–1(a). More generous exemptions are available for real

---

1. Local bankruptcy rule B–206 addresses the manner in which a claim of exemptions is to be made on the debtor's bankruptcy schedules. In relevant part it requires that the "property shall be adequately described and itemized...." The rule then continues with the following admonition:

   General terms of description (i.e. "automobile", *"common stock"*, etc.) are not sufficiently descriptive terms with which to claim an exemption. The *section number of the statute* under which such exemption is claimed shall be shown. N.D.Ind.L.B.R. Rule B–206 (emphasis added).

Debtors' claimed exemption makes no effort to comply with the requirements of this rule. No effort has been made to identify which of the six subparagraphs of I.C. 34–2–28–1(a) the exemption is founded upon and the property in question has been described in a manner which the rule specifically says is insufficient. In this instance, however, debtors' failure to identify the stock claimed as exempt with greater specificity does not create any confusion about the asset subject to their claim. According to their schedules, the only stock they own is in a corporation named Slentz Farms, Inc.

estate and tangible personal property than for intangible personal property. A debtor is entitled to an exemption of $7,500.00 in real estate or personal property constituting a residence. I.C. 34–2–28–1(a)(1). It is also entitled to an exemption of $4,000.00 in non-residential real estate and tangible personal property. I.C. 34–2–28–1(a)(2). Intangible personal property, however, may only be exempted to the extent of $100.00. I.C. 34–2–28–1(a)(3).

The trustee's objection to the claimed exemption for stock is based upon the proposition that it exceeds the $100.00 exemption Indiana law allows each debtor to claim for intangible personal property. At the hearing on the objection, debtors' counsel argued that the stock constitutes tangible personal property under Indiana law and, thus, comes within the $4,000.00 exemption each debtor is entitled to claim in tangible personal property. Debtors' counsel requested and received permission to file a memorandum of law on this point and a briefing schedule was established which gave the trustee an opportunity to file a response, to which debtors had an opportunity to reply. Debtors' counsel failed to file any brief, as did the trustee. Accordingly, the matter is deemed to have been submitted to the court for a decision based upon the arguments presented at the hearing.

■ The court need look no further than the nearest legal dictionary to satisfy itself that debtors' argument is specious. Black's Law Dictionary defines "intangible property" as "such property as has no intrinsic and marketable value but is merely the representative or evidence of value, *such as certificates of stock....*" Black's Law Dictionary 726 (5th ed. 1979) (emphasis added). Intangibles are defined as "[p]roperty that is a 'right' rather than a physical object. *Examples would be ... stocks....*" *Id.* (emphasis added). Thus, stock in a corporation is a textbook exam-

ple of what the law classifies as intangible personal property.

The scenario presented by this case is but an example of something that has become increasingly common since April 21, 1992. On that date the Supreme Court handed down its decision in *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Prior to that decision there had been sharp divergence of opinion as to the strictness with which the time limits of Bankruptcy Rule 4003 were to be applied.[2] *See generally Matter of Kazi,* 985 F.2d 318, 321 (7th Cir.1993). A liberal line of cases declined to apply the deadline of Rule 4003(b) literally. These cases reasoned that doing so encouraged "exemption by declaration" because it allowed an illegal claim of exemptions to succeed merely because no one bothered to object. A court adopting this approach followed one of two alternatives. It could entertain an untimely objection to determine whether there was a good faith statutory basis for the claimed exemption. If so, the exemption would be allowed. If not, the objection could be sustained. *See e.g. In re Peterson,* 920 F.2d 1389, 1393–94 (8th Cir.1990); *In re Kingsbury,* 124 B.R. 146, 148 (Bankr.D.Me.1991). Alternatively, it could simply determine whether the claimed exemption was valid or not. If not, it was not allowed regardless of whether a good faith basis had existed for claiming it. *See e.g. In re Stutterheim,* 109 B.R. 1010, 1013 (D.D.Kan.1989).

The competing line of authority applied the rule's time limits strictly. So long as a claimed exemption was not the subject of a timely objection, the property claimed as exempt became exempt, without regard to the underlying validity of the claim. While these courts recognized that doing so opened the door to the opportunity for exemption by declaration, they felt that the possibility of sanctions should serve as an effective deterrent to the practice. *See e.g. In re Bradlow,* 119 B.R. 330, 331 (Bankr.

---

**2.** Bankruptcy Rule 4003(b) requires an objection to a claim of exemptions to be filed within thirty days of the first meeting of creditors or, in the case of an amended claim of exemptions, the date the amendment is filed. Fed. R.Bankr.P. Rule 4003(b). Pursuant to 11 U.S.C. § 522(*l*), unless an objection is filed, "the property claimed as exempt ... is exempt."

S.D.Fla.1990); *In re Barnes,* 117 B.R. 842, 845 (Bankr.D.Md.1990).

In *Freeland & Kronz,* the Supreme Court resolved this split of authority in favor of a literal application of the time limits established by Rule 4003. Although it recognized the bankruptcy trustee's argument that such a holding could create "improper incentives" for debtors to claim exemptions, it reasoned that the various penalties which were available to sanction improper conduct "may limit bad-faith claims of exemptions by debtors." *Freeland & Kronz,* —— U.S. at ——, 112 S.Ct. at 1648.

Prior to the Supreme Court's decision, this court followed the more liberal line of authority and would, under limited circumstances, entertain a belated objection to exemptions. *See Matter of Hansen,* 101 B.R. 33 (Bankr.N.D.Ind.1988). If the claimed exemption was legally improper the exemption would be limited to the amount permitted by Indiana law, rather than entirely disallowed. *Id.* at 36 (excessive exemption in intangible property limited to $100.00). This approach balanced the court's willingness to allow debtors the full benefit of the exemptions to which they were legally entitled with its desire to prevent illegal claims from succeeding. Its ultimate result was to put both debtors and the bankruptcy estate in the same position they would have occupied had both parties acted properly from the beginning.

Since *Freeland & Kronz* this court can no longer follow the approach adopted in *Hansen.* The Supreme Court has clearly prevented bankruptcy courts from entertaining untimely objections to claimed exemptions. At the same time, however, this court must also recognize that its prior practice of merely scaling down an illegal or excessive claim of exemptions should not survive either. If our only response to an improper claim of exemptions is to limit the claim to what it should have been, there will be absolutely no disincentive to discourage debtors from making improper or excessive claims. Attempts at exemption by declaration would become a riskless endeavor. If the improper claim passed without objection, the attempt would succeed and debtors would be able to keep for themselves property to which they otherwise would not have been entitled; while, if an objection was filed, the only consequence would be that debtors would be deprived of something they had no right to. Debtors would have everything to gain and nothing to lose by making the attempt. Since the proper operation of the bankruptcy system depends, to a large extent, upon debtors honestly and forthrightly completing the schedules and statements which are filed with the court, attempts at cheating cannot be made to appear too attractive. *See Payne v. Wood,* 775 F.2d 202, 205 (7th Cir.1985), *cert. denied,* 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986).

In most instances, the exemption scheme established by Indiana law is rather simple and straightforward in its application. It is only necessary to determine whether certain property is real or personal, residential or non-residential, tangible or intangible. Once this is done, the statute provides the amount of the exemption available for each type of asset, subject to a statutory ceiling.

Despite the apparent simplicity of this state's most commonly utilized exemption laws, this court has, since *Freeland & Kronz,* seen a significant increase in patently improper claims of exemptions. More than a year after the Supreme Court's decision, this court must reluctantly come to the conclusion that the mere possibility that an improper claim of exemptions might expose a debtor to sanctions is obviously not sufficient to deter the practice and that something more than warnings and admonitions to the bar is required. It would appear that so long as the door to exemption by declaration remains open and debtors have nothing to lose in making the attempt they will try to take advantage of the opportunity.

This case dramatically illustrates the point. Debtors began by making an obviously improper and excessive claim of exemptions as to intangible property. When the exemption was challenged they made the specious argument that the stock was tangible, not intangible, property. Yet,

even if the argument were correct, debtors' claimed exemptions would still be clearly improper. In addition to the stock, they have also claimed exemptions in items which are indisputably tangible personal property—household goods and a motor vehicle—totaling $6,988.00. These items consume all but $1012.00 of their combined $8,000.00 exemption for tangible personal property. The claimed exemption of $1,192.00 for common stock, when added to the other exempted items of tangible personal property, continues to exceed the amount they are legally permitted to claim. Thus, regardless of the way in which the stock is classified, debtors' claimed exemptions are obviously excessive.

■ Debtors' claimed exemption for common stock was patently improper under I.C. 34–2–28–1(a)(3) and the argument counsel advanced in an effort to save it only magnified the impropriety. The argument was without any merit whatsoever and, even if correct, only resulted in the debtors making an excessive claim to exemptions under I.C. 34–2–28–1(a)(2). In an effort to deter attempts at exemption by declaration sanctions are necessary. Not only will the trustee's objection be sustained but the claimed exemption for common stock will be disallowed in its entirety, rather than merely reduced to the level permitted by Indiana law, and debtors will be prohibited from amending their exemptions to claim any further exemption in intangible personal property. Furthermore, since this case represents an egregious example of the practice[3] and the loss of a combined exemption of $200.00 may not have a sufficient deterrent effect, additional sanctions, pursuant to Bankruptcy Rule 9011, are appropriate. Debtors[4] will be required to reimburse the bankruptcy estate for the

reasonable attorney fees it has incurred in objecting to the claimed exemptions.

An appropriate order will be entered.

---

3. The timing of the claimed exemption is also instructive. Debtors' amended claim of exemptions with regard to the corporate stock was not made until after the court had overruled the debtors' objection to the trustee's motion for turnover of the asset.

4. Rule 9011 only allows the court to impose sanctions upon the attorney or party that signed

a pleading or paper that violates the rule. Debtors' counsel did not sign and was not required to sign the amended claim of exemptions. Since that document was signed only by the debtors, only they violated the rule and only they can be the object of the rule's sanctions. The court will leave it to the debtors and their counsel to apportion the consequences of this decision between them.